## FOREMAN v. GOOCH et al.

### No. 4256.

Court of Civil Appeals of Texas. Beaumont.

Oct. 26, 1944.

Rehearing Denied Nov. 29, 1944.

482

Lamar Cecil, of Beaumont, for appellant.

K. W. Stephenson, of Orange, for appellees.

COE, Chief Justice.

P. D. Gooch and certain individuals, all acting individually and in behalf of a class, and Jefferson County, Texas, appellees, sought a writ of mandamus against E. S. Foreman, appellant, in his official capacity as county auditor of Jefferson County, Texas, to compel him to countersign certain interest bearing warrants issued and proposed to be issued, by Jefferson County, Texas, to certain of the employees of the road and bridge department of Jefferson County in pursuance to contracts of employment and in pursuance to the agreement on the part of Jefferson County to issue interest bearing warrants to said employees for services performed for said road and bridge department in repairing and maintaining roads and bridges in said county, said scrips to be paid out of the current road and bridge funds.

Upon a hearing of the cause, the trial court awarded appellees the relief sought. Appellant duly excepted to the judgment of the court and timely gave notice of appeal and perfected his appeal to this court.

There are no controverted issues of fact involved in this cause. It was agreed upon the trial that on the 28th day of December, 1942, the Commissioners' Court, by an unanimous vote, entered into a contract with P. D. Foster and others, including P. D. Gooch, as agents for the employees of the road and bridge department of Jefferson County, Texas, whereby the Commissioners' Court of Jefferson County agreed with such employees that on and after January 1, 1943, said county would issue to said employees interest bearing warrants against the road and bridge fund of said county in payment for services rendered in that department for the county. They also entered an order fixing the interest rate to be paid on such scrip or warrants at 2% from the date of issuance until the date they were called for payment, reciting in such contract that the employees of said road and bridge department, with the exception of Precinct No. 2, were forced to discount their scrip or warrants issued to them in payment of their respective wages or salary, and for that reason had become dissatisfied and were threatening to seek other employment; further reciting that the Commissioners' Court believed it to be to the best interest of such department, as well as to said employees, that interest bearing warrants should be issued, and further reciting that it was the belief of the Commissioners' Court that it would be to the best interest of the county from a business and financial standpoint to issue interest bearing warrants in payment for services of all such employees of such department, and reciting other reasons for making such contract which we deem unnecessary to set out here since the good faith of the court in entering into such contract is in no wise attacked.

Upon the trial of the cause, all the material facts were agreed upon including the following:

(1) That K. W. Stephenson, attorney for the plaintiffs in this case, is duly authorized to represent Jefferson County as party plaintiff in the prosecution of this suit by virtue of an order of the Commissioners' Court duly entered in the minutes of said court.

(2) That the employees of the road and bridge department of Jefferson County, on or about the 28th day of December, 1942, and prior to the filing of this suit, designated and duly appointed P. D. Foster, D. A. Dunlavey, P. D. Gooch and George Peltier, coplaintiffs, as their duly authorized agents, with the authority to represent them as constituting a class in the institution and prosecution of this suit, and authorizing them to take said action in their own individual names for and in behalf of said employees, said employees being so numerous as to be impractical to bring them all before the court; that the character and right sought to be enforced in behalf of said class is several and there is a common question of law or of fact

affecting the several rights and common relief is sought in this behalf.

(3) That the Commissioners' Court by virtue of an order attached to the plaintiffs' petition, duly adopted, provided that interest should be paid on the county warrants of the type issued to the plaintiff Gooch; that they subsequently set the amount of interest as set forth in plaintiffs' petition; that the plaintiff Gooch duly worked in the employment of the county and earned $96.30, for which he was given a warrant which on the face of it purported to bear interest at 2%: that the warrant was duly presented to the defendant Foreman for countersignature and registration with the interest bearing provision thereon; that the defendant Foreman, acting in his official capacity as county auditor, refused to countersign the warrant with the interest bearing provision thereon, but offered to sign it with the interest bearing provision eliminated. That plaintiff is now the owner and holder of said warrant. That the Commissioners' Court, as well as the parties represented herein en masse have since that time protested the action and have authorized the bringing of this suit.

(4) That the defendant had audited the payroll at that time and there wasn't any question of the liability of the county to pay the obligation, not only to Mr. Gooch but to the others, and that he would have refused the other warrants had they been presented with the interest bearing provision.

(5) That the exhibits attached to the plaintiffs' trial pleadings are true and correct copies of the original entries as they appear on file in the county clerk's office, which exhibits were offered in evidence by the plaintiffs and were designated as exhibits "A," "B," and "C"; that the exhibits truly represent the contracts entered into by and between the parties.

(6) That the warrant set out in paragraph 5 of plaintiffs' petition is a true and correct copy of the original which was duly presented to the defendant Foreman and which he refused to countersign with the interest bearing provision, such warrant having been offered in evidence by the plaintiffs.

(7) That the defendant had made known to the Commissioners' Court that he would not countersign nor approve any warrants which included the interest bearing provision.

(8) That none of the warrants referred to in the plaintiffs' petition were issued for jury service.

(9) That the defendant Foreman has refused and still refuses to sign the warrant mentioned in plaintiffs' petition, or any other similar warrant.

(10) That the whole suit was brought against E. S. Foreman in his official capacity as county auditor of Jefferson County.

The appellant predicates his appeal on two points, the substance of which is that the trial court erred in rendering judgment in favor of appellees, and in awarding to appellees a writ of mandamus directing that the appellant countersign interest bearing scrip warrants payable to appellees, and other employees of the road and bridge department of Jefferson County, out of current funds and issued in payment of current expenses, to-wit, labor performed by appellees, because there is no authority vested in the Commissioners' Court of Jefferson County to issue interest bearing scrip warrants against the road and bridge funds in payment of current expenses.

The appellant, in a very able brief, contends that there is no constitutional or statutory authority or judicial decisions in this state which either expressly or impliedly confers the power upon the Commissioners' Court to issue interest bearing scrip warrants for current expenses against the road and bridge fund, such is the character of the warrants in question, contending that to do so would be in violation of Article 3, Section 52, of the Constitution of the State of Texas, Vernon's Ann.St., which prohibits a county from lending its credits or to grant public money or anything of value in aid of or to any individual, association or corporation whatsoever, as well as Article 3, Section 53, of the Constitution of the State of Texas, which provides: "The Legislature shall have no power to grant, or to authorize any county or municipal authority to grant, any extra compensation, fee or allowance to a public officer, agent, servant or contractor, after service has been rendered or a contract has been entered into, and performed in whole or in part * * *."

Appellees in an equally convincing brief contend that under Article 5, Section 18 of

the Constitution of Texas, providing, "The county commissioners so chosen, with the county judge, as presiding officer, shall compose the County Commissioners Court, which shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed," and Article 2351, R. C. S., which, among other things, provides that the Commissioners' Court shall "exercise general control over all roads, highways, ferries and bridges in their county. * * * Audit and settle all accounts against the county and direct their payment," fully authorizes the Commissioners' Court to order the issuance of interest bearing warrants as are here under consideration.

Appellant, in his briefs, concedes that the Commissioners' Court has authority to issue what is commonly called "interest bearing time warrants," contending that such warrants are authorized by the provisions of Article 2368a, Vernon's Ann.Civ.St., which statute is known as the "Bond and Warrant Law." With this contention we are unable to agree. As we understand the decisions, the authority for a Commissioners' Court to issue interest bearing time warrants is derived from what now is Article 2351, Vernon's Ann.Tex. Civ.St. San Patricio County v. Jno. Mc-Clane, 58 Tex. 243; Lasater v. Lopez, 110 Tex. 179, 217 S.W. 373. While Article 2368a, Vernon's Ann.Civ.St., is a restriction or limitation upon the authority of the Commissioners' Court in issuing such warrants Section 5 of said Article provides that such Act does not apply to expenditures payable out of current funds.

Neither can we agree with the appellant that Article 3, Section 52, supra, or Article 3, Section 53, supra, in any way affects the authority of the Commissioners' Court to issue the character of warrants or scrip in question. The very contract of employment between Jefferson County and the employees of the road and bridge department provided for the issuance of interest bearing warrants.

We are of the opinion that such interest as may accumulate on said warrants before they are called for payment is a part of the compensation for services performed, as much so as a per diem wages or salary agreed upon. Byrd v. City of Dallas, 118 Tex. 28, 6 S.W.2d 738; Pierson, et al. v. Galveston County, Tex.Civ.App., 131 S.W.2d 27. Neither is the issuance of such warrants against the current road funds the creation of a debt within the meaning of the constitutional prohibition. Austin Bros. v. Patton, Tex.Com.App., 288 S.W. 182. For a full discussion of the several provisions, constitutional and statutory, governing the authority of the Commissioners' Court to issue interest bearing warrants, see Lancaster v. Lopez, supra; Austin Bros. v. Patton, supra; also El Paso County v. Elam, Tex.Civ.App. 106 S.W.2d 393; Anderson v. Wood, 137 Tex. 201, 152 S.W.2d 1084; John P. Davis v. R. A. Burney, 58 Tex. 364.

We feel that it will serve no good purpose to enter into a lengthy discussion of the constitutional and statutory provisions and the cases cited dealing with the power of the Commissioners' Court. We content ourselves by saying that it is our opinion that the Commissioners' Court had the authority, under Article 2351 R. C. S. and Article 5, Section 18 of the State Constitution, to make the contract above referred to with the employees of the road and bridge department, and having done so in advance of the rendition of the services by such employees, they were authorized to order the issuance of the interest bearing warrants in question, limited only by the amount of the current fund at their disposal, which included money in the treasury, taxes in process of collection during such tax year, and all other revenues which may be anticipated with reasonable certainty during such tax year.

It therefore follows that we are of the opinion that no error has been shown in the judgment of the trial court and it is affirmed.