CITY OF ORANGE, Appellant,

v.

Doyle Ray CHANCE et al., Appellees.

No. 6285.

Court of Civil Appeals of Texas.

Beaumont.

June 25, 1959.

Robert M. Huey, City Atty., Orange, for appellant.

S. P. Dunn and E. L. Reid, Orange, for appellees.

McNEILL, Justice.

This is an action involving the validity and construction of a portion of Sec. 26 of Article 1269m, Vernon's Texas Annotated Civil Statutes, known as the Firemen's and Policemen's Civil Service Act, as amended by Act of the 54th Leg., R.S.1955, Ch. 255, p. 709. This section was again amended by the 55th Leg., R.S.1957, Ch. 391, Sec. 6, but as last amended is not involved here. The question at issue is whether Sec. 53, Art. 3 of the State Constitution, Vernon's Ann.St.

prohibits payment of money for accumulated sick leave under the Act of 1955 to an employee after severance of employment.

Originally three individual suits were filed by former employees of appellant, City of Orange, one by Doyle Ray Chance, an employee of the Fire Department (which action was later dismissed and is not before us), one by Luther Leroy Street, an employee of the Fire Department, and the third by Mavis Adron Forrest, an employee of the Police Department, against said city which theretofore had adopted by ordinance and made applicable to its firemen and policemen the provisions of said Act, but the actions were consolidated and the consolidated cause was tried before the County Court, which rendered judgment allowing recovery against the City for accumulated sick leave and it has appealed, contending that the statutory allowance for accumulated sick leave is violative of Sec. 53, Article 3, of the Constitution. At its request the County Judge filed findings of fact and conclusions of law. He found that Street had severed his connection with the City May 1, 1957, and at that time had accumulated 38 days sick leave for which he had not been paid and that he was entitled to $362.14 besides certain attorneys' fees. He found that Forrest had severed his connection with the City May 1, 1957, and at that time had accumulated 39 days sick leave for which he had not been paid in the amount of $407.60 besides certain attorneys' fees.

To better understand the contentions of the parties, we quote the pertinent part of Sec. 26 as it was amended in 1955:

"Sec. 26. Permanent and temporary employees in classified service shall be allowed a total of sick leave with full pay computed upon a basis of one (1) full working day allowed for each full month employed in a calendar year, with an extra day added for each four (4) months, so as to total fifteen (15) working days to an employee's credit each twelve (12) months.

"Employees shall be allowed to accumulate fifteen (15) working days or sick leave with pay in one (1) calendar year.

"Sick leave with pay may be accumulated without limit and may be used while an employee is unable to work because of any bona fide illness. In the event that the said employee can conclusively prove that illness was incurred while in the performance of his duties, an extension of sick leave in case of exhaustion of time shall be granted.

"In the event that an employee of the Fire or Police Department for any reason leaves the classified service he shall remain on the payroll for a period not exceeding ninety (90) days and only until his accumulated sick leave is all used."

Appellant attacks the validity of the last sentence above quoted. This is done in three points of error, all of which, in effect, contend that since accumulated sick leave shall be paid through carrying the employee whose service had ended on the payroll of the City until his accumulated sick leave is used up, is payment of "extra compensation, fee or allowance" for services already rendered within the prohibition of Sec. 53, Art. 3, of our State Constitution.

Sec. 3 of Article 53 of the Constitution reads:

"The Legislature shall have no power to grant, or to authorize any county or municipal authority to grant, any extra compensation, fee or allowance to a public officer, agent, servant or contractor, after service has been rendered, or a contract has been entered into, and performed in whole or in part; nor pay, nor authorize the payment of, any claim created against any county or municipality of the State, under any agreement or contract, made without authority of law."

We do not believe that the accumulated sick leave should be treated as "extra compensation" within the meaning and prohibition of the above constitutional amendment. In the present case the contracts of employment between the men and the City were made at times when the Civil Service Act applied to such employees of the City and the provisions thereof, therefore, became and formed a part of their contracts of employment. Byrd v. City of Dallas, 118 Tex. 28, 65 S.W.2d 738; Empire Gas & Fuel Co. v. State, 121 Tex. 138, 47 S.W.2d 265. This being so, the employees would not be paid, within the purview of the above constitutional provision, extra compensation, fee or allowance "after service had been rendered" or a contract had been entered into and performed in whole or in part. The constitutional prohibition forbids paying extra compensation for past performance or adding additional consideration to the contract already entered into, Rhoads Drilling Co. v. Allred, 123 Tex. 229, 70 S.W.2d 576, 582; the prohibition does not apply to payment of any fund or sum based upon the contract of employment nor does it apply to the method or time of payment. We think the holding of this court in Foreman v. Gooch, Tex.Civ. App., 184 S.W.2d 481, controls the matter before us. The Commissioners' Court of Jefferson County, by order of December 28, 1942, provided for the issuance of certain road and bridge scrip or warrants of the county to pay employees of the road and bridge department for work done after January 1, 1943. Under agreement between the Commissioners' Court and the employees of that department the scrip would be issued and bear interest at 2 percent from date of issuance until paid by the county. The warrants were issued but the County Auditor refused to countersign them, contending that the interest provided for was a grant by the county of "extra compensation" after service had been rendered and was therefore prohibited by Sec. 53, Art. 3 of the Constitution. Chief Justice Coe, in writing the opinion of the court upholding

the provision for interest said that the very contract of employment between Jefferson County and the employees of the road and bridge department provided for the issuance of interest bearing warrants, and concluded that since the contract was made before the rendition of the services by these employees, the county was authorized to issue the interest bearing warrants in question.

Appellant argues that unused accumulated sick leave payment at termination of employment would be a "gratuity". But we think that under the terms of the employment and the statute such payment must be considered a part of the employee's overall compensation. The fact that a part of the compensation is called "sick leave" is of no material effect. Rhoads Drilling Co. v. Allred, supra. It was an emolument or grant which would help the employee if during his employment he was unable to work on account of sickness, or if during the employment he were not sick or not sick sufficient times to use all of such allowed time, he would be paid a sum at termination of his service which represented the sick leave. We believe a provision of this kind would tend to keep employees regularly on the job whereas a construction condemning the severance payment as a "gratuity" would tend to encourage absenteeism. The Legislature by providing that an employee shall be carried on the payroll of the City until his accumulated sick leave is paid makes it clear to us that the legislative intent requires such sick leave be paid and the fact that the employee would be paid in installments after termination of employment in the way his regular salary had been paid is of no significance to the question in the present case. However, we call attention to the fact that the latest amendment provides that such accumulated sick leave shall be paid in a lump sum when the employee leaves the service.

Both appellant and appellees have raised interesting arguments having to do with the wisdom of construing the Act as it ap-plies to the matter before us. We think though, that what we have said properly disposes of the substantial question involved and so forego further discussion.

The judgment of the trial court is affirmed.