

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

June 24, 1965

Mrs. Marie Hudson
Firemen's Pension Commissioner
Sam Houston State Office Bldg.
Austin, Texas

Opinion No. C-460

Re: Whether a fireman on in-
jury leave at full pay by
the city, as provided by
the Civil Service Act,
should also receive a dis-
ability pension from the
Firemen's Pension Act from
the date of his injury or
disability.

Dear Mrs. Hudson:

        In your letter requesting an opinion from this office,
you submit certain facts which we summarize as follows:

        "We have a request from the Pension Board
of Port Arthur, Texas, regarding a matter per-
taining to Section 9 of the Firemen's Pension
Law.

        "The Civil Service Act, Article 1269m, Sec-
tion 26, V.A.T.S., specifies that a Fireman must
be placed on injury leave up to one year at his
full salary. For this reason the fireman in
question would not apply for disability benefits
under the Firemen's Pension Act. The fireman
has passed away and his widow is claiming bene-
fits from the date the Fireman ceased to carry
out his regular duties as a Fireman, as pro-
vided in Section 9. . . ."

        With regard to these facts, you ask the following
question:

        "Whether or not a fireman on injury leave
at full pay by the city as provided by the Civil

-2193-

Service Act should also receive a disability pension from the Firemen's Pension Act from the date of his injury or disability."

Article 1269m, Vernon's Civil Statutes, is known as the Firemen's and Policemen's Civil Service Act. The purpose of this Act is evidenced by the language of Section 16a. Section 16a is quoted in part as follows:

"Sec. 16a. It is hereby declared that the purpose of the Firemen and Policemen's Civil Service Law is to secure to the cities affected thereby efficient Police and Fire Departments, composed of capable personnel, free from political influence, and with permanent tenure of employment as public servants. . . ."

Section 26 of Article 1269m, Vernon's Civil Statutes, pertains to sick and injury leaves of absence. The provisions of Section 26 most pertinent to our discussion, provide as follows:

". . .

"Provided that all such cities coming under the provisions of this Act shall provide injury leaves of absence with full pay for periods of time commensurate with the nature of injuries received while in line of duty for at least one (1) year. . . ."

Article 6243e, Vernon's Civil Statutes, is known as the Firemen's Relief and Retirement Fund Act. Section 9 of Article 6243e pertains to the issuance of the certificates of disability and provides in part as follows:

". . .

"Any fireman or beneficiary who shall be entitled to receive a pension allowance under any provision of this Act shall be entitled to receive such allowance from and after the date upon which such fireman ceases to carry out his

regular duties as a fireman, <u>notwithstanding the fact that such fireman may remain on the payroll of his fire department or receive sick leave, vacation or other pay after the termination of his regular duties as a fireman</u>; provided that, in the event of a delay resulting from the requirements of the first paragraph of this section, such fireman or beneficiary shall, when such allowance is approved by the Board, be paid the full amount of the allowance which has accrued since the termination of such fireman's regular duties as a fireman." (Emphasis added).

In <u>City of Orange v. Chance</u>, 325 S.W.2d 839 (Tex.Civ. App. 1959), the court held that Section 53, Article III of the Texas Constitution, did not prohibit under the provisions of Section 26, Article 1269m, Vernon's Civil Statutes, the payment of money to a fireman at the termination of his employment for accumulated sick leave. The appellant argued that unused, accumulated sick leave payment at termination of employment would be a "gratuity" in violation of Section 53 of Article III of the Texas Constitution. However, the court reasoned that such payment must be considered a part of the employee's overall compensation.

It is our opinion, based on <u>City of Orange v. Chance</u>, <u>supra</u>, that any payment of money for injury leave under the provisions of Section 9, Article 1269m, should also be considered as a part of the employee's overall compensation, and that Section 9 is constitutional. As the above quoted paragraph of Section 9, Article 6243e, is constitutional, we must give effect to its plain and unambiguous language.

Consequently, it is our opinion that under the provisions of Section 9, Article 6243e, a fireman entitled to receive a pension allowance under the provisions of Article 6243e, Vernon's Civil Statutes, shall be entitled to receive such allowance from the date upon which fireman ceases to carry out his regular duties as a fireman, notwithstanding the fact that such fireman may be on an injury leave of absence with full pay provided by a city under the provisions of Section 26, Article 1269m, Vernon's Civil Statutes.

## S U M M A R Y

Under the provisions of Section 9, Article 6243e, Vernon's Civil Statutes, a fireman entitled to receive a pension allowance under the provisions of Article 6243e, Vernon's Civil Statutes, shall be entitled to receive such allowance from the date upon which such fireman ceases to carry out his regular duties as a fireman, notwithstanding the fact that such fireman may be on an injury leave of absence with full pay provided by a city under the provisions of Section 26 of Article 1269m, Vernon's Civil Statutes.

Very truly yours,

WAGGONER CARR
Attorney General

By: *Ivan R Williams Jr*

Ivan R. Williams, Jr.
Assistant

IRWjr:mkh:clg

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Pat Bailey
Jack Goodman
Linward Shivers
Wade Anderson

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright