

# The Attorney General of Texas

December 22, 1978

**JOHN L. HILL**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Joseph N. Murphy, Jr.
Executive Director
Employees Retirement System
  of Texas
P. O. Box 12337, Capitol Station
Austin, Texas 78711

Opinion No. H- 1303

Re: Whether the state or a political subdivision may establish a special program to make payments to an employee on account of sickness.

Dear Mr. Murphy:

You ask: "May the State or any of its political subdivisions establish a special, separate, program to make payments to an employee on account of sickness, such payments not being a continuation of wages?" Your question pertains to the relationship of sick pay to "wages" as that term is used in the Social Security Act and as it has been interpreted by the Secretary of the Department of Health, Education, and Welfare. The inclusion or exclusion of amounts paid public employees as "wages" determines the contribution to be made by public employers and employees, and the rate of benefits to be received by the employee.

The Social Security Act defines wages of public employees to exclude sick pay as follows:

> [T]he term "wages" means remuneration paid ... for employment ... except that ... such term shall not include —
>
> . . . .
>
> (b) The amount of any payment ... made to ... an employee ... under a plan or system established by an employer which makes provision for his employees generally ... on account of ... sickness or accident disability. . . .

42 U.S.C. § 409.

The Secretary of Health, Education, and Welfare has interpreted this exclusion as follows:

> [P]ayments made by a governmental entity to an employee on sick leave are excluded from "wages" only if there is legal authority for the employer to make payments specifically on account of sickness as distinguished from authorization to merely continue salary payments during periods of absence due to illness.

SSR 72-56 (1972). (Compare the Commissioners of Internal Revenue's Rev. Rul. 65-275 (1965), applicable to exclusion of sick pay in private sector). The Secretary's interpretation of the sick pay exclusion in this manner was upheld in State of New Mexico v. Weinberger, 517 F.2d 989 (10th Cir. 1975), cert den., 423 U.S. 1051 (1976). The court interpreted the Secretary's interpretation and clarified the matter as follows:

> [T]o be excluded from "wages", sick leave payments must be paid solely on account of sickness. Such payments by a State — as opposed to a mere continuation of wages during periods of absence due to illness — would allegedly amount to an improper "donation" of State funds absent express legal authority for the State to appropriate funds for such use. . . .
>
>  . . . .
>
> If . . . the State here has no authority to make "payments on account of sickness" such as would qualify to be excluded from "wages" under the Act, we hold that the Secretary has the authority to bar the exclusion from "wages" of such payments irregardless of how they are denominated or treated under the State's "plan."

Id. at 993. (Footnote omitted, emphasis in original).

With this clarification of the context in which your question is posed, we look to Texas law on the subject. Pertinent provisions of article 3 of the Texas Constitution are as follows:

> Sec. 44. The Legislature shall provide by law for the compensation of all officers, servants, agents and public contractors, not provided for in this Constitution, but shall not grant extra compensation to any officer, agent, servant, or public contractors, after such public service shall have been performed or contract entered into . . . ; nor grant, by appropriation or otherwise, any amount of money out of the Treasury of the State, to any individual, on a claim, real or

> pretended, when the same shall not have been provided for by pre-existing law. . . .
>
> Sec. 51.  The Legislature shall have no power to make any grant or authorize the making of any grant of public moneys to any individual, association of individuals, municipal or other corporations whatsoever. . . .
>
> Sec. 52.  [T]he Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the State to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever. . . .
>
> Sec. 53.  The Legislature shall have no power to grant, or to authorize any county or municipal authority to grant, any extra compensation, fee or allowance to a public officer, agent, servant or contractor, after service has been rendered, or a contract has been entered into, and performed in whole or in part; nor pay, nor authorize the payment of, any claim created against any county or municipality of the State, under any agreement or contract, made without authority of law.

It is well established that these constitutional provisions do not prohibit the payment of benefits to employees under the terms of a contract of employment, or the expenditure of public funds for a public purpose. See Byrd v. City of Dallas, 6 S.W.2d 738 (Tex. 1928); City of Corpus Christi v. Hershbach, 536 S.W.2d 653 (Tex. Civ. App. — Corpus Christi 1976, writ ref'd n.r.e.); City of Galveston v. Landrum, 533 S.W.2d 394 (Tex. Civ. App. — Houston [1st Dist.] 1976, writ ref'd n.r.e.); Devon v. City of San Antonio, 443 S.W.2d 598 (Tex. Civ. App. — Waco 1969, writ ref'd); City of Orange v. Chance, 325 S.W.2d 838 (Tex. Civ. App. — Beaumont 1959, no writ); Attorney General Opinions H-797, H-786 (1976); H-336 (1974); M-836 (1971); WW-215 (1957); O-4140 (1941).

It is our opinion that sections 44, 51, 52, or 53 of article 3 of the Texas Constitution do not prohibit legislative authorization of an employment agreement between the state or a political subdivision and its employees for payment to be made to an employee under a plan or system established by the employer which makes provision for the employees or a class of employees generally on account of sickness or accident disability.

In City of Orange v. Chance, the issue was whether section 53 of article 3 of the Constitution prohibits payment of money for accumulated sick leave under a statute after severance of employment.  The court described "sick leave" as follows:

> It was an emolument or grant which would help the employee if during his employment he was unable to work on account of sickness. . . .

Id. at 841. (Emphasis added). The court also said that the method or time of payment was not significant. Thus, we believe it is clear that the Constitution does not prohibit the establishment of a public employee sick leave plan or system which meets the precise requirements of the Secretary of Health, Education, and Welfare's interpretation in SSR 72-56 (1972).

## S U M M A R Y

> Sections 44, 51, 52, or 53 of article 3 of the Texas Constitution do not prohibit the state or a political subdivision from establishing a plan or system for sick leave payments for its employees.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn