

ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

December 15, 2006

The Honorable D. Matt Bingham
Smith County Criminal District Attorney
Smith County Courthouse
100 North Broadway, 4th Floor
Tyler, Texas 75702

Opinion No. GA-0492

Re: Whether a proposed Smith County incentive bonus plan for certain county employees complies with article III, section 53 of the Texas Constitution (RQ-0486-GA)

Dear Mr. Bingham:

On behalf of a Smith County Commissioner, you ask whether a proposed Smith County incentive bonus plan for certain county employees complies with article III, section 53 of the Texas Constitution.[1]

You inform us that the Smith County Commissioners Court (the "Commissioners Court") is considering adopting an incentive bonus plan for employees in departments that report directly to the Commissioners Court—that is, employees of the Commissioners Court, the records service, the veterans service, the physical plan[t], personnel, the probate court or courts, purchasing, the fire marshal, pre-trial, and road and bridge. *See* Request Letter, *supra* note 1, at 2; Smith County Incentive Plan, attached to Request Letter as Exhibit B, at 1 [hereinafter Incentive Plan]. Under the proposed incentive plan, employees whose annual job performance has been meritorious would be eligible for bonuses if they meet the following criteria:

- Full time employee with a minimum of one year [of] service at the end of the fiscal year.

- Annual performance evaluation rating of ["]meets expectations["] or above. Department Heads must have an annual performance evaluation rating of ["]exceeds expectations["] or above.

- Be an employee in good standing on the date incentive checks are distributed. . . .

---

[1]*See* Letter from Honorable D. Matt Bingham, Smith County Criminal District Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 1 (May 11, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

- Department Heads must have a fully implemented business plan approved by the Commissioners Court.

Incentive Plan, *supra* at 1. Incentive payments will be distributed in the first quarter of the fiscal year based on performance in the prior fiscal year. *See id.* You also inform us that the Incentive Plan would stipulate that it "is provided at the discretion of the Commissioners Court" and further, that the Commissioners Court "reserves the right to administer, modify or terminate the Plan with or without notice." Request Letter, *supra* note 1, at 2.

Certain Smith County Commissioners question the Incentive Plan's constitutionality. *See id.* You thus ask whether the Incentive Plan "meet[s] the requirements of [a]rticle III, [s]ection 53 of the Texas Constitution and what is the effect if any of an incentive bonus plan that does not include all county employees." *Id.* at 1.

Article III, section 53 forbids the legislature "to grant, or to authorize any county . . . to grant . . . any extra compensation, fee or allowance to a public officer, agent, servant or contractor, after service has been rendered, or a contract has been entered into, and performed in whole or in part." TEX. CONST. art. III, § 53. Consistently with article III, section 53, a county may not pay additional compensation to employees for work already performed. *See City of Orange v. Chance*, 325 S.W.2d 838, 840 (Tex. Civ. App.—Beaumont 1959, no writ) (citing *Rhoads Drilling Co. v. Allred*, 70 S.W.2d 576, 582 (Tex. 1934)). But a county may provide bonuses based on performance if the county approved a bonus plan before employee recipients performed the work for which the bonuses are given. *See* Tex. Att'y Gen. Op. No. GA-0204 (2004) at 3–4; Tex. Att'y Gen. Op. No. JM-1253 (1990) at 2–3.

Your specific concern about the Incentive Plan's validity relates to the stipulation that the Plan "is provided at the discretion of the Commissioners Court" and that the Commissioners Court reserves "the right to administer, modify or terminate the Plan with or without notice." Incentive Plan, *supra* at 2; *see* Request Letter, *supra* note 1, at 2. You ask whether, given these stipulations, the Incentive Plan is "approved as part of an employee's compensation prior to the employee rendering service." Request Letter, *supra* note 1, at 2.

The fact that the Incentive Plan makes the award of bonuses and administration of the plan a matter within the Commissioners Court's discretion does not render the Incentive Plan unconstitutional under article III, section 53. Article III, section 53 does not prohibit payments made for work performed under a contract or employment policy that provides merely for the *possibility* of such payments. *See* Tex. Att'y Gen. Op. No. GA-0204 (2004) at 3 (quoting Tex. Att'y Gen. Op. No. JC-0383 (2001) at 2). Thus, this office determined in 2004 that a school district could offer to certain teachers bonuses that were contingent on the availability of earmarked funds. *See id.* at 3–4. Similarly, Smith County may, without running afoul of article III, section 53, provide for employee bonuses that are conditioned on the Commissioners Court's approval.

Under the same analysis, the fact that the Commissioners Court can modify or terminate the Incentive Plan does not render the Incentive Plan unconstitutional under article III, section 53,

provided that, absent the receipt of new consideration, no modification of the Incentive Plan results in a payment for services rendered prior to such modification. *See id.* at 3.

You also ask whether, "if the incentive plan is totally at the discretion of the commissioners court, . . . the plan [is] tied to [an] employee[']s performance." Request Letter, *supra* note 1, at 2. Whether a particular plan is "tied to" employee performance is a question that requires the resolution of fact issues and is thus beyond the purview of the opinion process. *Cf.* Tex. Att'y Gen. Op. No. GA-0156 (2004) at 10 (stating that fact questions cannot be answered in the opinion process). Further, article III, section 53 does not distinguish between bonuses based on merit and bonuses based on other criteria. Thus, an incentive plan that is not tied to an employee's performance does not necessarily contravene article III, section 53.

Finally, you ask "what is the effect if any of an incentive bonus plan that does not include all county employees." Request Letter, *supra* note 1, at 1. You are concerned in particular with the stipulation in the Incentive Plan that "Department Heads must have a fully implemented business plan approved by the Commissioners Court." Incentive Plan, *supra* at 1; Request Letter, *supra* note 1, at 3. You suggest that because of this stipulation an employee whose department head has not implemented an approved business plan would not be eligible for a bonus under the Incentive Plan. *See* Request Letter, *supra* note 1, at 3. You also express concern that an elected official could choose to exclude from the Incentive Plan employees in the official's office who would otherwise be eligible to participate. *See id.* at 2–3.

The fact that the Incentive Plan excludes employees whose department heads have not implemented approved business plans or have otherwise chosen not to participate does not necessarily render the proposed plan invalid as a matter of law. You have not named any statute that would restrict a commissioners court's authority to condition eligibility for bonuses in part on such a criterion, and we are not aware of any. A commissioners court has the power to "set the amount of the compensation" paid to county employees out of county funds. TEX. LOC. GOV'T CODE ANN. § 152.011 (Vernon 1999); *see id.* § 111.008. Compensation includes incentive or bonus plans. *See* Tex. Att'y Gen. Op. No. JM-1253 (1990) at 2. In general, a commissioners court's authority to set employee compensation is subject to review on an abuse-of-discretion standard, and providing different benefits to different employees does not constitute an abuse of discretion as a matter of law. *Cf.* Tex. Att'y Gen. Op. No. JM-1160 (1990) at 2 ("The fact that one employee may receive greater sick leave than another employee would appear to be permissible so long as the additional benefits conferred under the guidelines are not dependent upon factors that might constitute an abuse of discretion."). Whether this particular criterion constitutes an abuse of a commissioners court's discretion is a question of fact that cannot be resolved in the opinion process. *Cf.* Tex. Att'y Gen. Op. No. GA-0156 (2004) at 10 (stating that fact questions cannot be answered in the opinion process).

While "[b]oth the federal and Texas constitutions safeguard against . . . discrimination between classes of persons," "[e]qual protection does not entitle every citizen to receive equal benefits each time government money is spent." *Richards v. League of United Latin Am. Citizens*, 868 S.W.2d 306, 312 (Tex. 1993); *Weber v. City of Sachse*, 591 S.W.2d 563, 567 (Tex. Civ.

App.—Dallas 1979, writ dism'd); *see* U.S. CONST. amend. 14, § 1; TEX. CONST. art. I, § 3. Rather, a court generally will require only that a classification "be rationally related to a legitimate state purpose." *Richards*, 868 S.W.2d at 310–11.

> The general rule gives way, however, when the classification impinges on the exercise of a fundamental right, or when the classification distinguishes between people, in terms of any right, on a "suspect" basis such as race or national origin. In those instances, the state action is subjected to strict scrutiny, requiring that the classification be narrowly tailored to serve a compelling government interest.

*Id.* at 311 (citations omitted).

Among full-time employees who are eligible for bonuses because they have had favorable work evaluations, the Incentive Plan, in your view, may distinguish between those whose department heads have implemented an approved business plan and those whose department heads have not. This is not a suspect classification; nor does the inability to receive a bonus infringe upon a fundamental right. *Cf. Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 312 nn.3 & 4 (1976) (listing rights that courts have identified as fundamental and classifications that courts have identified as suspect). Consequently, the classification established by the proposed Incentive Plan must, as a matter of law, be only rationally related to a legitimate state purpose. Whether the proposed Incentive Plan is rationally related to a legitimate state purpose is a fact question that cannot be resolved in the opinion process. *Cf.* Tex. Att'y Gen. Op. No. GA-0156 (2004) at 10 (stating that fact questions cannot be answered in the opinion process).

## S U M M A R Y

The Incentive Plan proposed by the Smith County Commissioners Court for certain county employees does not contravene article III, section 53 of the Texas Constitution unless employees are provided bonuses for work rendered before the plan's adoption. The fact that the proposed plan stipulates that bonus awards are within the Commissioners Court's discretion does not itself render the plan unconstitutional.

The opinion process cannot determine whether the commissioners court would abuse its discretion or violate constitutional equal protection guarantees if employees' eligibility for benefits under the proposed plan is contingent on their department heads' actions.

Very truly yours,

G R E G   A B B O T T
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee