**CITY OF CORPUS CHRISTI,**
Texas, Appellant,

v.

**R. J. HERSCHBACH, Appellee.**

No. 1097.

Court of Civil Appeals of Texas, Corpus Christi.

April 29, 1976.

Rehearing Denied May 20, 1976.

Gerald Benadum, Asst. City Atty., Corpus Christi, for appellant.

Curtis B. Dyer, Corpus Christi, for appellee.

## OPINION

BISSETT, Justice.

This is an appeal from a judgment by the trial court which awarded R. J. Herschbach, an employee of the City of Corpus Christi, full benefits under both the workmen's compensation and civil service statutes. The trial was before the court, sitting without a jury, and on stipulated facts.

Richard J. Herschbach, hereinafter called "appellee", a twenty-one (21) year veteran of the City of Corpus Christi's Fire Department, was seriously injured in the line of duty on December 23, 1974. Subsequently thereafter (on December 24, 1974), appellee began a period of sick leave from the Fire Department until his return to duty on April 29, 1975.

Pursuant to Tex.Rev.Civ.Stat.Ann. art. 8309h § 2(a), appellee began to receive workmen's compensation benefits from the City of Corpus Christi, hereinafter called "appellant", in the amount of $70.00 per week. He received a total of $1,260.00 by way of such benefits for the period he was on leave of absence for the injury. In addition to the workmen's compensation benefits, appellee, as a civil service employee, continued to receive his full salary for the same period of injury leave as required

by Tex.Rev.Civ.Stat.Ann. article 1269m, § 26(a).

On February 2, 1975, appellant, acting under its Ordinance 8127, began withholding $70.00 from appellee's bi-monthly payroll check to recover what, in its belief, was an overpayment to appellee. The provision in the Ordinance on which appellant relied, in part, reads as follows:

". . . in no case will the combined total of workmen's compensation and supplemental compensation exceed the employee's regular salary . . ."

Appellee, on July 17, 1975, then filed suit to recover the accumulated sums withheld by appellant and to prohibit further deductions from his payroll wages. On July 23, 1975, appellant filed a counterclaim seeking from counter-defendant $4,779.92 allegedly overpaid in error to appellee. The trial court, after waiver of a jury trial and stipulations of all material facts by both parties, then rendered judgment in favor of appellee, and ordered appellant to pay appellee the sum of $1,260.00, being the total amount of workmen's compensation benefits paid and subsequently deducted from appellee's wages, plus interest thereon at the rate of 6% per annum.

The trial judge, in his findings of fact, found: 1) appellee is an employee of the City of Corpus Christi's Fire Department; 2) that appellee was injured in the course and scope of his employment on December 23, 1974, necessitating leave of absence until April 29, 1975; 3) that appellee received $1,260.00 in workmen's compensation and appellant deducted the same amount from his wages.

The trial court, in its conclusions of law, concluded: 1) under art. 1269m, § 26, appellee was entitled to full pay during his leave of absence; 2) under art. 8309h, § 2(a), appellee was entitled to workmen's compensation benefits; and 3) neither statute authorized appellant to deduct from appellee workmen's compensation benefits.

In essence, it is appellant's position in this appeal that under a statutory interpretation of either statute, appellee is not entitled to receive the full amount of his regular salary in addition to workmen's compensation benefits. In order to better state the contentions of the parties, we now discuss the applicable sections of the statutes involved.

Article 1269m, entitled "Firemen's and Policemen's Civil Service in cities of 10,-000", was enacted in 1947 for the purpose of creating a firemen's and policemen's civil service. Section 26 of the statute requires cities coming under the provisions of the Act to:

". . . provide injury leaves of absence with full pay for periods of time commensurate with the nature of injuries received while in line of duty for at least one (1) year . . ."

The second statutory provision requiring payment of benefits by appellant to appellee for injury is art. 8309h. This statute, entitled "Workmen's compensation insurance for employees of political subdivisions," became effective July 1, 1974, and under Section 2(a) it is provided:

"All political subdivisions of this state shall become either self-insurers, provide insurance under workmen's compensation insurance contracts or policies, or enter into interlocal agreements with other political subdivisions providing for self-insurance, extending workmen's compensation benefits to their employees."

Appellant, as a political subdivision, thereafter became self-insured and a participant in a joint fund as allowed under § 4 of the statute.

The Legislature, in enacting art. 8309h, enumerated in Section 5 the legislative "purpose" it sought to achieve, to-wit:

"It is the purpose of this article that the compensation herein provided for shall be paid from week to week and as it accrues and directly to the person entitled thereto, unless the liability is redeemed as in such cases provided elsewhere herein. . . ."

Subsequently, the Legislature, in 1975, amended Section 5 of art. 8309h to read as follows:

". . . Provided further, however, that any and all sums for incapacity re-

ceived in accordance with Chapter 325, Acts of the 50th Legislature, 1947, as amended (article 1269m, Vernon's Texas Civil Statutes), and any other statutes now in force and effect that provide for payment for incapacity to work because of injury on the job that is also covered by this Act are hereby offset as against the benefits provided under this Act to the extent applicable."

It is on this amendment that appellant primarily relies in support of its contention that it should be permitted to offset the sums received by appellee as payment for his inability to work on account of injuries suffered.

When in the course of any controversy a question as to the effect or operation of a statute is presented, it becomes the duty and it is in the province of this Court to construe the statutory language and to give it, if possible, the effect and scope intended by the Legislature. 53 Tex.Jur.2d, Statutes, § 119. In such instances, where the intent of the legislature is not clear, the courts must resort to rules of construction in order to give meaning to the legislative enactment. When intent is ascertained, the courts will construe the statute so as to give effect to the intent of the legislature. *Gilmore v. Waples,* 108 Tex. 167, 188 S.W. 1037 (1916); 53 Tex.Jur.2d, Statutes, § 125. When such intent is clear or is made clear, it will be given effect by the courts even to the extent of adding words to the language used by the Legislature. *Sweeny Hospital District v. Carr,* 378 S.W.2d 40 (Tex.Sup. 1964).

In circumstances where there has been an amendment to an act, in order for us to arrive at the intention of the Legislature in enacting the amendment, it is our duty to look primarily to the act itself as an entirety. *American Surety Co. of New York v. Axtell Co.,* 120 Tex. 166, 36 S.W.2d 715 (1931, opinion adopted). The court may properly consider the amendment to arrive at the legislative intent, without, however, being bound thereby. *Calvert v. Audio Center, Inc.,* 346 S.W.2d 420 (Tex.Civ.App. —Austin 1961, writ ref'd n. r. e.).

With respect to statutory amendment, the guiding rule of statutory construction is that the original provisions appearing in the amended act are to be regarded as having been the law since they were first enacted and still speak from that time, while the new provisions are to be construed as enacted at the time the amendment took effect. *Shipley v. Floydada Independent School District,* 250 S.W. 159, (Tex.Comm'n App.1923). Additionally, it is a well established presumption that an amendment to a statute is presumed to operate prospectively, not retroactively, unless terms of the statute show a contrary intention. *Deacon v. City of Euless,* 405 S.W.2d 59 (Tex.Sup.1966).

It was stated in *City of Austin v. Clendennen,* 323 S.W.2d 158 (Tex.Civ.App.— Austin 1959, writ ref'd n. r. e.):

"'To allow an offset for money earned by appellee subsequent to his injury would violate the well-established rule that a person is not precluded from recovering workmen's compensation by reason of working and earning money after the date of injury . . .'"

In Opinion No. H–338, dated June 28, 1974, the Honorable John H. Hill, The Attorney General of Texas, said:

"Where the same illness or injury is concerned, we find nothing in either Article 1269m or Article 8309h providing that benefits under one should be set off against benefits under the other . ."

In a factual situation similar to the present case, the Louisiana Court of Appeals, in *Walters v. General Accident & Fire Assur. Corp., Ltd,* 119 So.2d 550 (1960), denied the contention made on appeal that compensation paid under two statutes similar to those in this case should be subject to offset. The court, on page 559, stated:

"We note with considerable interest that both benefits received by plaintiff were paid pursuant to statutory compulsion. There can be no serious contention the Legislature lacked authority to provide that the benefits conferred by LSA–R.S.

33:1995 (1269m herein) shall be in addition to payments due under our compensation law. We believe the legislature intended the benefits payable thereunder are to be viewed as benefits earned by virtue of past services rendered, for which the Employer (or the Employer's insurer) shall not be entitled to credit against compensation payments due."

■ In construing articles 1269m and 8309h as those statutes existed in December, 1974, we conclude the Legislature, in those instances where the same illness or injury is concerned, did not intend that compensation received under a general civil service statute should be offset against benefits received from a workmen's compensation statute. *Travelers Insurance Company v. Walkovak,* 390 S.W.2d 75 (Tex.Civ.App.—Houston 1965, writ ref'd n. r. e.); *Texas Indemnity Ins. Co. v. Arant,* 171 S.W.2d 915 (Tex.Civ.App.—Eastland 1943, writ ref'd n. r. e.). We further conclude that the Legislature intended the 1975 amendment to article 8309h, § 5, to operate prospectively, not retrospectively. We hold that the amendment to art. 8309h did not give appellant the right to offset the money received by appellee as workmen's compensation benefits for the injury sustained in 1974 against the money received by him pursuant to his employment contract with appellant.

An additional reason which supports our holding that the amendment to Section 5 of 8309h is not applicable to the case at hand is found in art. 8306, § 3b, as incorporated into Article 8309h by Section 3(a)(1) of that Act. Under art. 8306, § 3b, the rights of appellee became vested and the liability of appellant became established under the facts and circumstances existing at the time of injury, since the amendment to the Workmen's Compensation Act did not change or alter existing rights under the law as it existed on the date of injury. *Southern Surety Co. v. Lucero,* 218 S.W. 68 (Tex.Civ.App.—El Paso 1920, writ dis'd); *Simpson v. Texas Employers Insurance Association,* 519 S.W.2d 209 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n. r. e.).

■ Appellant also contends that if appellee should receive the additional benefits under art. 1269m, he would in effect be receiving "extra compensation", in violation of Art. III, § 53, Texas Constitution. We do not believe that the benefits received under the statute should be treated as "extra compensation" within the meaning and prohibition of the above constitutional amendment. When the appellant initially hired appellee in 1954, a contract of employment was entered between itself and appellee. The employment relationship has been, at all times pertinent to this suit, subject to and governed by art. 1269m, the general Civil Service Act; therefore, the statutory provisions of the article became and formed a part of the contract of employment. *Byrd v. City of Dallas,* 118 Tex. 28, 6 S.W.2d 738 (1928, opinion adopted); *City of Orange v. Chance,* 325 S.W.2d 838 (Tex.Civ.App.—Beaumont, 1959, no writ). As such and at the time in question, appellee, when he received payments under the statute, did not receive "extra compensation", fees or allowance in violation of Art. III, § 53, Texas Constitution, which forbids paying extra compensation for past performance or adding additional consideration to the already existing contract. *Rhoads Drilling Co. v. Allred,* 123 Tex. 229, 70 S.W.2d 576, 582 (1934); *Foreman v. Gooch,* 184 S.W.2d 481 (Tex.Civ.App.—Beaumont 1944, ref'd w. o. m.). Under the employment contract, at least until the effective date of the 1975 amendment to art. 8309h, § 5, any payments received by appellee became a part of his overall compensation. Such payments were not a gratuity or donation.

■ Finally, this Court has in the past rejected the argument that the receipt of benefits under two compensation statutes would result in a double recovery, contrary to the intention of the Texas Workmen's Compensation Act. *Texas Employer's Ins. Ass'n v. Chappell,* 486 S.W.2d 818 (Tex.Civ.App.—Corpus Christi 1972, rev. in part (on other grounds), aff. in part, 494 S.W.2d 159 (Tex.Sup.1973).

The judgment of the trial court is AFFIRMED.