

# The Attorney General of Texas

October 19, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable W. P. Daves
Chairman
State Board of Insurance
1110 San Jacinto
Austin, Texas 78786

Opinion No. MW-73

Re: Effect of amendments to article 21.52 of the Insurance Code.

Dear Mr. Daves:

You inquire about the proper interpretation of article 21.52 of the Texas Insurance Code, which was the subject of three amendments during the 66th Legislature. Article 21.52 was originally enacted in 1977. It required insurance companies to permit holders of health insurance policies to choose a doctor of podiatric medicine to perform medical services covered by the policy that fall within his license. Three recently enacted amendments add other kinds of practitioners to the coverage of article 21.52.

Senate Bill 96 became effective on March 7, 1979. It adds doctors of optometry to the coverage of article 21.52. An act speaks from the date that it takes effect. Trio Independent School District v. Sabinal Independent School District, 192 S.W.2d 899 (Tex. Civ. App. — Waco 1946, no writ); City of Corpus Christi v. Herschbach, 536 S.W.2d 653 (Tex. Civ. App. — Corpus Christi 1976, writ ref'd n.r.e.) (amendments). House Bill 291 and House Bill 860 became effective on August 27, 1979. They both attempted to amend article 21.52 of the Insurance Code as already amended by Senate Bill 96. You wish to know which provisions of House Bill 291 and House Bill 860 became valid and effective law on and after August 27, 1979.

House Bill 291, which was approved May 11, 1979, includes doctors of optometry and doctors of chiropractic within article 21.52 of the Insurance Code. House Bill 860, which was approved June 7, 1979, adds doctors of optometry and licensed dentists to article 21.52 of the Insurance Code. The provisions relating to dentists apply only to insurance policies delivered, renewed or issued for delivery more than ninety days after the effective date of House Bill 860.

The Code Construction Act, article 5492b-2, V.T.C.S., provides as follows:

> ... if amendments to the same statute are enacted at the same session of the legislature, one amendment without reference to another, the amendments shall be harmonized if possible, so that effect may be given to each. If the amendments are irreconcilable, the latest in date of enactment prevails.

Sec. 3.05(b). See also Attorney General Opinion H-838 (1976).

In our opinion, the provisions relating to the inclusion of various practitioners within article 21.52 are not inconsistent, but are cumulative of one another. Thus, article 21.52 will apply to doctors of podiatric medicine, optometry, and chiropractic, and to licensed dentists as well.

It has been suggested that House Bill 291 may be applicable to existing policies issued prior to the effective date of the bill and that it may therefore be unconstitutional because of its impairment of the obligation of a contract. See U.S. Const. art. I, § 10, cl. 1; Tex. Const. art. I, § 16.

It is a cardinal rule of statutory construction that a statute must be presumed to be valid and that all doubts as to its constitutionality are to be resolved in favor of constitutionality. Smith v. Davis, 426 S.W.2d 827 (Tex. 1968); Duncan v. Gabler, 215 S.W.2d 155 (Tex. 1948); Ex parte Smith, 441 S.W.2d 544 (Tex. Crim. App. 1969); Texas Optometry Board v. Lee Vision Center, Inc., 515 S.W.2d 380 (Tex. Civ. App. — Eastland 1974, writ ref'd n.r.e.).

It is also a guiding rule of statutory construction with respect to a statutory amendment that original provisions of an amended act are regarded as being effective from the date of enactment, and that new provisions are to be construed as having been enacted at the time that the amendment took effect. Therefore, it is presumed that an amendment is prospective in application unless the terms of the statute clearly mandate retrospective application. American Surety Co. of New York v. Axtell Co., 36 S.W.2d 715 (Tex. 1931); City of Corpus Christi v. Herschbach, supra.

In Trinity Universal Insurance Co. v. Rogers, 215 S.W.2d 349, 352 (Tex. Civ. App. — Dallas 1948, no writ), the court stated:

> The renewal of a policy is a new contract of insurance and 'cannot be effected or consummated without the mutual assent of the parties; i.e., a meeting of the minds as to the essentials of the contract.'

In Harrington v. Aetna Casualty & Surety Co., 489 S.W.2d 171, 176 (Tex. Civ. App. — Waco 1972, writ ref'd n.r.e), the court stated: "It is the general rule that a renewal of a policy constitutes a separate and distinct contract for the periods of time covered by the renewal."

House Bill 291 applies to policies delivered, renewed or issued for delivery although it does not specifically indicate whether it applies to previously issued policies or only to

those issued after the statute became effective.   It is our opinion that House Bill 291 applies only to policies issued, delivered or renewed after August 27, 1979, which was the effective date of the Act, and does not impair the obligation of any existing contract.

House Bill 291 and House Bill 860 provide for compliance "by the use of riders and endorsements which have been approved by the State Board of Insurance or by the filing of new or revised policy forms for approval by the State Board of Insurance." House Bill 291 states that policies "shall" be brought into compliance by these specified means, while House Bill 860 states that policies "may" be brought into compliance by these specified means. Senate Bill 96 states that a policy form "may be brought into compliance with this Act by the use of riders and endorsements which have been approved by the State Board of Insurance," and that language is identical to the language of article 21.52 of the Texas Insurance Code prior to the amendments in question.

It is our opinion that these provisions are not in conflict, as they merely set forth alternative methods by which existing policy forms may be brought into compliance with the statute, as amended.

## SUMMARY

The provisions of House Bill 291, House Bill 860, and Senate Bill 96 amending article 21.52 of the Insurance Code can be harmonized. On the effective date of these amendments, new insurance policies subject to article 21.52 of the Insurance Code applied to doctors of chiropractic medicine and licensed dentists, as well as to doctors of podiatric medicine and doctors of optometry; however, the provisions relating to dentists apply only to insurance policies delivered, renewed, or issued for delivery more than ninety days after the effective date of House Bill 860.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Susan Garrison
and Nancy Ricketts
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Bill Campbell
Susan Garrison
Bob Gauss
Rick Gilpin
William G Reid
Nancy Ricketts
Bruce Youngblood