**EL PASO COUNTY, Texas, Appellant,**

v.

**Bobbie C. JEFFERS, et al., Appellees.**

**No. 08-85-00064-CV.**

Court of Appeals of Texas, El Paso.

Oct. 30, 1985.

Rehearing Denied Nov. 27, 1985.

Luther Jones, County Atty., El Paso, for appellant.

James C. Butts, El Paso, for appellees.

Before WARD, OSBORN and SCHULTE, JJ.

### OPINION

WARD, Justice.

Five deputy sheriffs of El Paso County filed suit to establish their right to receive their maximum salaries under Article III, sec. 52e, Texas Constitution, covering periods of work related incapacity for which they were also paid their full workers' compensation benefits. Trial was to the court which awarded the plaintiffs/Appellees their full salaries together with attorney's fees. The facts were either stipulated or undisputed. We affirm.

The Appellees, deputy sheriffs for El Paso County, were injured in the course and scope of their employment. While incapacitated, they received workers' compensation benefits but did not receive any salary. After a demand was made upon the County Judge and County Commissioners by the attorney for the deputies, they then received a portion of their salary which, when added to their workers' compensation benefits, equaled the amount of their maximum salary. Subsequently, on May 23, 1983, another demand letter was sent to the County Judge of El Paso County demanding the remainder of Appellees' salaries. Appellees received no additional salary from the County. They then filed their original petition on February 10, 1984, approximately nine months after their final demand upon the County. The County contends that it was entitled, under various statutes, to deduct from its salary payments the amounts received by the Appellees as workers' compensation benefits for their incapacities. The trial court judgment against the County totaled $18,470.88 plus attorney's fees.

The Appellant's first point of error claims that there was no evidence to support the trial court's judgment. The second point of error contends that the trial court erred as a matter of law in finding that Appellant violated Article III, sec. 52e of the Texas Constitution. Its third point of error complains that the trial court erred because the Appellees' petition failed to state a cause of action. All three points hinge on whether workers' compensation payments to injured deputy sheriffs may be utilized to meet the "maximum salary" requirements of the Texas Constitution. Article III, sec. 52e, Payment of medical expenses of law enforcement officers, adopted on November 11, 1967, provides the following:

> Each county in the State of Texas is hereby authorized to pay all medical expenses, all doctor bills and all hospital bills for Sheriffs, Deputy Sheriffs, Constables, Deputy Constables and other county and precinct law enforcement officials who are injured in the course of their official duties; providing that while said Sheriff, Deputy Sheriff, Constable, Deputy Constable or other county or precinct law enforcement official is hospitalized or incapacitated that the county shall continue to pay his maximum salary; providing, however, that said payment of salary shall cease on the expiration of the term of office to which such official was elected or appointed.....

In 1973, the Texas Legislature enacted Tex. Rev.Civ.Stat.Ann. art. 8309h (Vernon Supp. 1985), and that legislation required that all political subdivisions provide workers' compensation benefits for their employees. In 1975, the legislature amended Section 5 of Article 8309h to allow employers an offset on incapacity payments to their employees. The pertinent part of the article reads:

> Provided further, however, that any and all sums for incapacity received in accordance with Chapter 325, Acts of the 50th Legislature, 1947, as amended (Article 1269m, Vernon's Texas Civil Statutes), and any other statutes now in force and effect that provide for payment for incapacity to work because of injury on the job that is also covered by this Act are hereby offset as against the benefits provided under this Act to the extent applicable.

Tex.Rev.Civ.Stat.Ann. art. 1269m (Vernon Pamphlet Supp.1985), referred to in the above statute, provides for a firemen's and policemen's civil service in cities over 10,-000. The applicable portion of the statute, Section 26(e), is as follows:

Provided that all such cities coming under the provisions of this Act shall provide injury leaves of absence and line of duty illness leaves of absence for Firemen and Policemen with full pay for periods of time commensurate with the nature of the line of duty illness or injuries for at least one (1) year.....

The Appellant argues that its actions in withholding pay were proper under Article 8309h, sec. 5. However, an 8309h offset applies to funds for incapacity received pursuant to the firemen's and policemen's civil service provisions "and any other statutes now in force and effect." We have been cited to no offset statute applicable to deputy sheriffs. The requirement that deputy sheriffs receive their "maximum salary" while incapacitated from injuries received in the course of their duties is provided for by the Texas Constitution. It is fundamental that the Constitution is the paramount law of the state and cannot be altered by legislative amendments. *Jones v. Ross,* 141 Tex. 415, 173 S.W.2d 1022, 1024 (1943). On its face, the statute cited by Appellant does not apply to deputy sheriffs and if it did it would be in conflict with the Texas Constitution. The Appellant was in error in claiming an offset under Article 8309h.

■ The Appellant also suggests that its actions were proper because they were in accord with provisions of the Texas Constitution prohibiting the legislature from paying anything of value or extra compensation from public funds. Tex.Const. art. III, sec. 53. The workers' compensation benefits were not "extra compensation" within the meaning of the Constitution. Payment of workers' compensation benefits is not a gratuity, but is part of an employee's overall compensation based upon the contract of employment. Such payments were not a gratuity or donation. *City of Corpus Christi v. Herschbach,* 536 S.W.2d 653 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.); *City of Orange v. Chance,* 325 S.W.2d 838, 841 (Tex.Civ.App.—Beaumont 1959, no writ).

Workers' compensation benefits are intended to compensate an injured employee for loss of earning capacity and not loss of salary. *Traders and General Insurance Company v. Rockey,* 278 S.W.2d 490, 493 (Tex.Civ.App.—Amarillo 1955, writ ref'd n.r.e.). As long as the Constitution requires maximum salary for deputy sheriffs injured in the line of duty, and the workers' compensation statute provides benefits for injured county employees, and no statute exists which reduces those benefits, the deputy sheriffs were entitled to receive both benefits in full. Appellant's Points of Error Nos. One through Three are overruled.

The Appellant's fourth point of error asserts that there is no evidence to support the award of attorney's fees to the Appellees, as there was no evidence to show presentment of the claim and failure to pay within thirty days.

There was testimony that two demands in writing had been made upon the County Judge and the Commissioners' Court, the last of which was dated May 23, 1983. The Appellees' original petition was not filed until February 10, 1984, approximately nine months subsequent to the last demand or presentment. Copies of the two letters were introduced into evidence. They are not a part of the record and we presume that they complied with the statute. Appellant's Point of Error No. Four is overruled.

The judgment of the trial court is affirmed.