

# The Attorney General of Texas

March 10, 1986

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Rene A. Guerra
Criminal District Attorney
Hidalgo County Courthouse
Edinburg, Texas    78539

Opinion No.  JM-447

Re:  Whether a county may pay employees injured on the job the difference between their regular salary and their workers' compensation benefits

Dear Mr. Guerra:

You question the constitutionality of a current practice in Hidalgo County of paying injured county employees the difference between their workers' compensation benefits and their salary. You also ask whether an injured employee may receive accrued sick leave and vacation leave in addition to workers' compensation benefits. Your concern focuses on provisions of the Texas Constitution which prohibit grants or loans of public money. See Tex. Const. art. III, §§51, 52, 53.

Counties have only those powers that are granted expressly or that must be implied from the authority granted or duties imposed by the Texas Constitution or statutes. Canales v. Laughlin, 214 S.W.2d 451, 453 (Tex. 1948). Accordingly, your questions require consideration of grants of authority as well as constitutional limits on its exercise. As will be shown, the present constitutional authority for counties to provide workers' compensation benefits was adopted because of the constitutional limits about which you ask. A brief background of these provisions must precede our response to your specific questions.

Article III, section 52 of the Texas Constitution prohibits counties from making grants or loans of money or of any other thing of value. See also Tex. Const. art. III, §51. Because a county is not inherently liable for injuries to its employees, section 52 at one time prevented counties from providing any workers' compensation benefits for its employees. See Attorney General Opinion O-5315 (1943). Section 60 was added to article III in 1948 in part to overcome the effect of section 52.

Article III, section 60 of the Texas Constitution provides:

WORKMEN'S COMPENSATION INSURANCE FOR EMPLOYERS OF COUNTIES AND OTHER POLITICAL SUBDIVISIONS. The

> Legislature shall have the power to pass such laws as may be necessary to enable all counties and other political subdivisions of this State to provide Workman's Compensation Insurance, including the right to provide its own insurance risk, for all employees of the county or political subdivision as in its judgment is necessary or required; and the Legislature shall provide suitable laws for the administration of such insurance in the counties or political subdivisions of this State and for the payment of the costs, charges and premiums on such policies of insurance and the benefits to be paid thereunder.

In 1973 the legislature made workers' compensation mandatory for all political subdivisions. See Acts 1973, 63rd Leg., ch. 88, §17, at 198 (codified as V.T.C.S. art. 8309h); Attorney General Opinion H-338 (1974). Section 2(a) of article 8309h provides:

> All political subdivisions of this state shall become either self-insurers, provide insurance under workmen's compensation insurance contracts or policies, or enter into interlocal agreements with other political subdivisions providing for self-insurance, extending workmen's compensation benefits to their employees.

Hidalgo County presently provides workers' compensation insurance for its employees through the Texas Association of Counties Workers' Compensation Self-Insurance Fund.

Workers' compensation benefits are intended to reimburse an employee for loss of earning capacity caused by work-related injuries, Bullard v. Universal Underwriters Insurance Company, 609 S.W.2d 621, 626 (Tex. Civ. App. - Amarillo 1980, no writ), not for loss of salary. See El Paso County v. Jeffers, 699 S.W.2d 375, 377 (Tex. App. - El Paso 1985, no writ). Article 8309h and the general workers' compensation statutes that it makes applicable to counties, see §3, specify formulas for determining the amount of compensation due an injured employee. These formulas are based upon the nature and duration of the employee's injury and upon the employee's salary. The workers' compensation statutes applicable to counties do not authorize counties to pay, at their discretion, additional compensation for loss of earning capacity caused by a work-related injury. Because counties have only expressly granted or necessarily implied powers, we must determine whether any other statutes authorize the payment of the difference between an employee's worker's compensation benefits and salary.

Article 3912k, section 1, V.T.C.S., authorizes the commissioners court of each county to

> fix the amount of compensation, office expense, travel expense, and all other allowances for county and precinct officials and employees who are paid wholly from county funds. . . .

As will be shown, additional workers' compensation benefits could be viewed not as workers' compensation benefits per se, but as an element of an employees pre-established, regular compensation. Although this provision authorizes the county to "fix the amount of compensation," it does not authorize payments which are prohibited by statute or which amount to gifts or grants of public money in violation of constitutional prohibitions.

Authorities which consider similar types of payments distinguish between an ex post facto decision to award extra benefits and a prospective decision to make certain extra benefits a standard part of compensation. See, e.g., City of Corpus Christi v. Herschbach, 536 S.W.2d 653 (Tex. Civ. App. - Corpus Christi 1976, writ ref'd n.r.e.); Attorney General Opinion H-51 (1973). Your request letter reveals that Hidalgo County has followed an informal practice of granting extra compensation as individual injuries occur and that it now proposes to make this extra compensation part of a standard policy. As will be shown in the discussion to follow, the Texas Constitution prohibits a retroactive award of the difference between an injured county employee's workers' compensation benefits and his regular salary.

Attorney General Opinion H-51 dealt with the effect of sections 51, 52, and 53 of article III on retroactive payments by the county of certain benefits to the beneficiaries of a deceased county employee. The opinion determined that because the commissioners court lacked the constitutional or statutory authority to provide retroactively for death benefits, the action constituted an unconstitutional grant or gift of public money. The issue in Attorney General Opinion H-51 is analogous to the instant one.

Although Attorney General Opinion H-51 did not rely explicitly upon article III, section 53, we believe that section 53 is particularly relevant to the case at hand with regard to retroactive awards of the benefits in question. Article III, section 53 of the Texas Constitution provides:

> COUNTY OR MUNICIPAL AUTHORITIES; EXTRA COMPEN-SATION; UNAUTHORIZED CLAIMS. The Legislature shall have no power to grant, or to authorize any county or municipal authority to grant, any extra compensation, fee or allowance to a public

> officer, agent, servant or contractor, after service has been rendered, or a contract has been entered into, and performed in whole or in part; nor pay, nor authorize the payment of, any claim created against any county or municipality of the State, under any agreement or contract, made without authority of law.

Consequently, we believe that retroactive payments by the county of additional benefits, which are measured by the difference between an injured employee's workers' compensation benefits under article 8309h and the employee's salary, are prohibited by the Texas Constitution.

You indicate, however, that the situation in Hidalgo County requires consideration of both retroactive and prospective payments of the difference between an employee's workers' compensation benefits and regular salary. The court in <u>City of Corpus Christi v. Ferschbach</u> suggested that the receipt of "extra" workers' compensation benefits, which are authorized by statute, might be authorized as part of the employee's pre-established, regular compensation. 536 S.W.2d at 657; see also <u>El Paso County v. Jeffers</u>, 699 S.W.2d 375 (Tex. App. - El Paso 1985, no writ); Attorney General Opinion H-860 (1976). Therefore, the payments would not constitute "extra compensation" in violation of article III, section 53 of the Texas Constitution. 699 S.W.2d at 377. Nevertheless, the court suggested, in dicta, that a 1975 amendment, which requires offset for certain benefits, to article 8309h might prevent such payments of extra workers' compensation benefits after 1975. <u>Id.</u>

The legislature amended section 5 of article 8309h in 1975 to provide for offset. <u>See</u> Acts 1975, 64th Leg., ch. 404, §1, at 1041. Section 5 of the statute currently provides, in part:

> (a) It is the purpose of this article that the compensation herein provided for shall be paid from week to week and as it accrues and directly to the person entitled thereto, unless the liability is redeemed as in such cases provided elsewhere herein. <u>Provided further, however, that any and all sums for incapacity received in accordance with Chapter 325, Acts of the 50th Legislature, 1947, as amended (Article 1269m, Vernon's Texas Civil Statutes), and any other statutes now in force and effect that provide for payment for incapacity to work because of injury on the job that is also covered by this Act are hereby offset as against the benefits provided under this Act to the extent applicable.</u> Provided that when an employee's wage is offset as prescribed above, both the employer and the employee shall pay into

> the pension fund on the amount of money by which
> his wage was offset and provided further that
> under no circumstances shall an employee's pension
> benefit be reduced as a result of his injuries or
> any compensation received under the provision of
> this Act, unless such reduction is a result of a
> pension revision passed by majority vote of the
> affected members of a pension system. (Emphasis
> added).

V.T.C.S. art. 8309h, §5(a).

The phrase in section 5(a) which causes concern is the one which requires offset of sums received for incapacity in accordance with "any other statutes now in force and effect that provide for payment for incapacity to work because of injury on the job" when that injury is also covered by article 8309h. Article 3912k was "in force and effect" at the time section 5(a) was amended in 1975. See Acts 1971, 62nd Leg., ch. 622, at 2019. Thus, we must determine whether the payment of additional benefits, which are measured by the difference between an injured employees' workers' compensation benefits and the employee's salary, pursuant to article 3912k falls within "any other statutes" within the meaning of article 8309h, section 5.

The bill analysis to the amendment requiring offset states the background and purpose of the amendment as follows:

> Present law is not clear that workmen's compen-
> sation benefits are paid in lieu of, and not in
> addition to, other statutory payments made for
> work-related incapacity.
>
> This bill would insure that payments made for
> work-related incapacity under other statutory
> plans are credited against amounts due under the
> Workmen's Compensation Act.
>
> Section 1 amends Article 8309h to ensure that
> workmen's compensation payments are lessened by
> amounts paid under other statutory plans.

Bill Analysis to S.B. No. 828, prepared for Senate Committee on Economic Development, filed in Bill File to S.B. No. 828, Legislative Reference Library. Payments of additional benefits, which are measured by the difference between workers' compensation benefits and salary, that are made pursuant to article 3912k as part of an employee's pre-established, regular salary are arguably payments made for work-related incapacity under other statutory plans.

In El Paso County v. Jeffers, supra, however, the court suggested that section 5 of article 8309h was intended to offset only existing statutes which specifically provided for worker's compensation benefits. The court stated:

> [A]n 8309h offset applies to funds for incapacity received pursuant to the firemen's and policemen's civil service provisions 'and any other statutes now in force and effect.' We have been cited to no offset statute applicable to deputy sheriffs. The requirement that deputy sheriffs receive their 'maximum salary' while incapacitated from injuries received in the course of their duties is provided for by the Texas Constitution. It is fundamental that the Constitution is the paramount law of the state and cannot be altered by legislative amendments. [citation omitted]. On its face, the statute cited by Appellant does not apply to deputy sheriffs, and if it did it would be in conflict with the Texas Constitution. The Appellant was in error in claiming an offset under article 8309h. (Emphasis added).

699 S.W.2d at 377. In other words the court suggests that section 5 of article 8309h was intended to require only offset of specific workers' compensation statutes such as article 1269m. Article 3912k, in contrast, provides for the general compensation of county employees.

Workers' compensation benefits reimburse for loss of earning capacity, not for loss of salary. 699 S.W.2d at 377. Payments under article 3912k can be distinguished as reimbursement for loss of salary. Consequently section 5 of article 8309h does not prevent the county from paying the difference between injured employees' worker's compensation benefits and their regular salaries as part of the employees' pre-established, overall compensation under article 3912k.

You also ask whether an injured employee may receive sick leave and vacation leave in addition to workers' compensation benefits without violating article 8309h or sections 51, 52, and 53 of article III of the Texas Constitution. As indicated, Attorney General Opinion H-51 determined that retroactive payments of death benefits were not authorized by the Texas Constitution or statutes and that they therefore constituted unconstitutional grants or gifts of public funds. The opinion distinguished unused vacation time and other forms of accrued compensation. Because these types of compensation were authorized and had already been earned, payment of such benefits to survivors was not deemed an unconstitutional grant. The same considerations apply to payment for the unused sick leave and vacation time that an injured county employee has already earned; therefore,

such payments do not violate the Texas Constitution.  Consequently, the county is not prohibited from paying an injured county employee accrued sick leave and vacation leave in addition to workers' compensation benefits.

## S U M M A R Y

Hidalgo County may not make retroactive payments to injured county employees of extra workers' compensation benefits measured by the difference between their workers' compensation benefits under article 8309h, V.T.C.S., and their salary.  If the county makes additional workers' compensation benefits a part of county employees' pre-established, regular compensation under article 3912k, the benefits need not be offset against the benefits provided under article 8309h.  The county is not prohibited from paying an injured employee accrued sick leave and vacation leave in addition to workers' compensation benefits.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General