OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



May 4, 1999

Mr. Eric M. Bost                                    Opinion No. JC-0040
Commissioner
Texas Department of Human Services                 Re:  Use of annual leave by employees receiving
P.O. Box 149030                                    workers' compensation benefits   (RQ-888)
Austin, Texas  78714-9030

Dear Commissioner Bost:

Your predecessor in office inquired whether employees of the Department of Human Services ("the Department") who are receiving workers' compensation benefits may at the same time take annual leave. He asked whether the Department may completely deny the use of annual leave by employees receiving workers' compensation benefits or limit the use of annual leave by such employees to an amount that, added to the workers' compensation benefits, will total 100 percent of the employee's salary. If the Department may not deny the use of annual leave to all employees who are receiving workers' compensation benefits, he asked whether it may deny annual leave to employees receiving workers' compensation benefits who are on leave under the federal Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601-654 (1994). We conclude that the Department may not deny the use of annual leave to employees receiving workers' compensation benefits, whether or not they are on FMLA leave, nor may it limit annual leave for employees receiving workers' compensation benefits to an amount that, added to the workers' compensation benefits, will total 100 percent of the employee's salary.

The General Appropriations Act provides that "employees of the state shall, without deduction in salary be entitled to a vacation in each fiscal year," and sets out a schedule for accrual of vacation hours. General Appropriations Act, 75th Leg., R.S., ch. 1452, art. IX, § 9(1), 1997 Tex. Gen. Laws 5535, 6358-59. Pursuant to statute, an employee who separates from state employment after six months of continuous state service or who retires is entitled to be paid for the accrued balance of his or her vacation time. TEX. GOV'T CODE ANN. §§ 661.062(a), .091 (Vernon 1994). When a state employee dies, the balance of vacation leave is paid to his or her estate. *Id.* § 661.033(a). Because of these entitlements, this office has held that vacation leave is a vested right of the employee. Tex. Att'y Gen. Op. No. M-1075 (1972) at 2; *see also* Tex. Att'y Gen. Op. No. H-1096 (1977) (discussing accrued leave).

A state employee also is entitled pursuant to section 501.021 of the Labor Code to workers' compensation payments in the event of a compensable injury. TEX. LAB. CODE ANN. § 501.021 (Vernon 1996). Chapter 501 of the Labor Code provides for workers' compensation coverage for

state employees. "An employee with a compensable injury is entitled to compensation . . . as provided by this chapter," to be paid by the director of the State Office of Risk Management. *Id.*; *see also id.* § 501.001(3), (4) (Vernon Supp. 1999). Chapter 408 of the Labor Code sets out the specific workers' compensation benefits that state employees are entitled to receive. *See id.* § 501.002(a)(6) (Vernon 1996) (incorporating provisions of chapter 408 of the Labor Code into chapter 501, with certain exceptions).

Your question relates to weekly income benefits received under the workers' compensation law, not medical or other benefits provided under chapter 408 of the Labor Code. An impairment income benefit equals 70 percent of the employee's average weekly wage, subject to limits set out in sections 408.061 and 408.062 of the Labor Code. *Id.* § 408.126; *see id.* §§ 408.061(b) (weekly "impairment income benefit" may not exceed 70 percent of the state average weekly wage defined in Labor Code 408.047); 408.062 ("minimum weekly income benefit" is 15 percent of the state average weekly wage defined in Labor Code 408.047). When workers' compensation benefits are added to the regular salary received while an employee is on annual leave, these employees receive 170 percent of their salary under the classification schedule set out in article IX of the General Appropriations Act. General Appropriations Act, 75th Leg., R.S., ch. 1452, art. IX, § 1, 1997 Tex. Gen. Laws 5535, 6312.

We first consider whether the Department may deny the use of annual leave to all employees receiving workers' compensation benefits or limit the use of annual leave by such employees to an amount that allows the sum of annual leave and workers' compensation benefits to total 100 percent of the employee's salary. Under Texas law, a state agency or political subdivision may not offset workers' compensation against other benefits or forms of compensation unless there is express statutory authority to do so. *El Paso County v. Jeffers*, 699 S.W.2d 375, 377 (Tex. App.–El Paso 1985, no writ); *City of Corpus Christi v. Herschbach*, 536 S.W.2d 653 (Tex. Civ. App.–Corpus Christi 1976, writ ref'd n.r.e.), Tex. Att'y Gen. Op. Nos. JM-915 (1988), H-701 (1975), at 2; *see also* Tex. Att'y Gen. LO-93-62, at 4. In *Herschbach*, an injured fireman received workers' compensation benefits and at the same time his full salary while he was on leave of absence for the injury. Section 26 of the Civil Service Act, former article 1269m of the Revised Civil Statutes, required cities subject to the act to "provide injury leaves of absence with full pay for periods of time commensurate with the nature of injuries received while in line of duty for at least one (1) year."[1] In the absence of an express provision authorizing the city to offset paid sick leave and workers' compensation benefits, the city was not authorized to withhold any part of either amount. *Herschbach*, 536 S.W.2d at 655. The legislature had amended the statute to permit the offset, but the statutory offset applied prospectively only. *Id.* at 656. Because the statutory offset applied prospectively and did not reach circumstances presented, the court held that the fireman was entitled both to the payment of workers' compensation benefits and to continuation of his salary during his sick leave. *Id.* at 656-57.

---

[1] Act of May 15, 1947, 50th Leg. R.S., ch. 325, § 26, 1947 Tex. Gen. Laws 550, 558 (repealed 1987) (current version at TEX. LOCAL GOV'T CODE ANN. § 143.073 (Vernon 1988)).

*Jeffers* reached a similar conclusion with respect to workers' compensation benefits in relation to article III, section 52e of the Texas Constitution. Article III, section 52e requires that law enforcement officials be paid their maximum salary while hospitalized or incapacitated. In *Jeffers*, deputy sheriffs who were injured in the course and scope of their employment brought suit to recover their full salary while also receiving workers' compensation benefits. *Jeffers,* 699 S.W.2d at 376. While incapacitated, they received workers' compensation benefits but did not receive any salary. After the deputies' attorney made a demand upon the commissioners court, they received a portion of their salary, which, when added to their workers' compensation benefits, equaled their maximum salary. The deputies then sued for the remainder of their salary. The court ruled as follows:

> As long as the Constitution [article III, section 52e] requires maximum salary for deputy sheriffs injured in the line of duty, and the workers' compensation statute provides benefits for injured county employees, and no statute exists which reduces those benefits, the deputy sheriffs were entitled to receive both benefits in full.

*Id.* at 377; *see also* TEX. LAB. CODE ANN. 504.051 (Vernon 1996) (expressly authorizing offsets of workers' compensation benefits against benefits for law enforcement officers injured in the line of duty paid under article III, section 52e of the Texas Constitution); Tex. Att'y Gen. LO-93-62, at 4 (discussing adoption of offset provision now codified as section 504.051(a)(2) of the Labor Code).

This office has concluded that a public employee's workers' compensation benefits may not be offset against other benefits, in the absence of express statutory authorization for the offset. Attorney General Opinion H-338 determined that sick pay received under the Firemen's and Policemen's Civil Service Act due to an injury should not be set off against workers' compensation benefits received for the same injury. Tex. Att'y Gen. Op. No. H-338 (1974). No statutory language provided for the offset. *Id.* at 9. Attorney General Opinion H-701 considered the relationship between accrued sick leave, exceptional sick leave, and workers' compensation benefits for state employees. At that time, section 12 of former article 8309g of the Revised Civil Statutes, barred a state employee from receiving weekly payments of compensation until he or she had exhausted his or her accrued sick leave. This provision, as amended, is now codified as section 501.044 of the Labor Code.[2] The opinion concluded that the statutory restriction applied only to regularly accrued sick leave and that once the employee became eligible to receive workers' compensation benefits, the receipt of exceptional sick leave would not affect his or her entitlement to those benefits. It also concluded that an injured employee who was receiving workers' compensation benefits could receive pay for compensatory time and vacation at the same time. "There is no statutory requirement that workmen's compensation benefits be offset against payments for compensatory time and vacation, and therefore no such offset is permitted." Tex. Att'y Gen. Op. No. H-701 (1975) at 2; *see also* Tex. Att'y Gen. Op. No. JM-915 (1988) (school district may not offset workers' compensation benefits against "assault sick leave" benefits authorized by former section 13.904 of the Education

---

[2]*See* Act of May 10, 1973, 63d Leg., R.S., ch. 88, § 16, 1973 Tex. Gen. Laws 187, 197 (repealed 1993) (current version at TEX. LAB. CODE ANN. § 501.044 (Vernon 1996)).

Code [now section 22.003 of the Education Code]); *see also* Tex. Att'y Gen. Op. No. H-1105 (1977) (no offset of sick leave and workers' compensation benefits received for a permanent specific injury). In accord with both case law and numerous prior opinions of this office, we conclude that workers' compensation benefits may not be offset against paid annual leave or paid sick leave in the absence of a statute expressly authorizing the offset.

We also conclude that the Department may not require employees to exhaust annual leave before using workers' compensation benefits. While section 12 of former article 8309g of the Revised Civil Statutes prohibited a state employee from receiving workers' compensation before exhausting accrued sick leave, the current provision, Labor Code section 501.044, allows a state employee to elect to use accrued sick leave before receiving workers' compensation income benefits.[3] If the employee chooses to use accrued sick leave first, he or she is not entitled to workers' compensation income benefits until the accrued sick leave is exhausted. TEX. LAB. CODE ANN. § 501.044 (Vernon 1996). Institutions of both the Texas A&M University System and the University of Texas System are expressly authorized to provide that an injured employee may remain on the payroll until the employee's annual and sick leave is exhausted, during which time workers' compensation benefits do not accrue or become payable, *id.* §§ 502.041; 503.041, but no statute requires the employees of a state administrative agency to exhaust their annual leave before receiving workers' compensation income benefits. Accordingly, the Department may not require its employees to exhaust their annual leave before receiving workers' compensation benefits.

We are aware of the concern that an injured worker somehow receives a "double recovery" when he or she is allowed to take annual leave while receiving workers' compensation benefits. This concern, however, is based on a misperception of the law. The use of accrued annual leave while receiving workers' compensation benefits is in no way an additional recovery for the compensable injury. Rather, a state employee's vacation entitlement is earned "beginning on the first day of employment with the state and terminating on the last day of duty" at the monthly rate stated in the General Appropriations Act. General Appropriations Act, 75th Leg., R.S., ch. 1452, art. IX, § 9.1, 1997 Tex. Gen. Laws 5535, 6359. The annual leave that a state employee has accrued at the time of an injury has been earned for services performed before the injury, and it is paid out under legislative authority that is distinct from the Workers' Compensation Act. The court of another state, in determining that the employer could not offset an injured worker's paid vacation and sick leave against weekly workers' compensation payments, explained the difference between the payments as follows:

> Compensatory time was something plaintiff had earned but had not
> been paid for. His vacation time was also a benefit that he had
> earned. Unlike workers' compensation benefits, vacation leave can

---

[3]*Id.*

> be taken to renew physical and mental capabilities, for personal reasons, for absences due to adverse weather conditions, and for personal illness or illnesses in the immediate family. Workers' compensation, however, is available only for a work-related injury.

*Estes v. North Carolina State Univ.*, 401 S.E.2d 384, 387 (N.C. Ct. App. 1991) (citations omitted). The injured employees you inquire about are simultaneously receiving payment for two separate entitlements, but they do not receive more under each program than they are entitled to receive had they received such payments at different times.

We find no provision authorizing the offset of workers' compensation payments against the salary payments continued during annual leave. As noted above, the legislature has adopted other provisions, such as section 504.051 of the Labor Code, that prevent certain public employees from receiving other payments from public funds while receiving workers' compensation benefits, but it has not done so in this case. If the legislature intends to limit a state employee's use of annual leave while receiving workers' compensation benefits, it must adopt an express provision doing so. Absent such legislative authorization, the Department may not deny the use of annual leave to employees receiving workers' compensation benefits. Nor may it limit annual leave for employees receiving workers' compensation benefits to an amount that, added to the workers' compensation benefits, will total 100 percent of the employee's salary.

You also ask whether the Department may deny the use of annual leave to employees who are on FMLA leave and receiving workers' compensation benefits. You point out as relevant to this matter a provision of the General Appropriations Act, which implements the federal Family Medical Leave Act of 1993, 29 U.S.C. §§ 2601-654 (1994). The Family Medical Leave Act of 1993 allows 'eligible' employees of a covered employer to take job-protected, unpaid leave, or to substitute appropriate paid leave if the employee has earned or accrued it, for up to a total of twelve workweeks in any twelve months because of the birth of a child and to care for it, because a child is placed with the employee for adoption or foster care, because the employee is needed to care for a family member with a serious health condition, or because the employee's own serious health condition makes the employee unable to perform the functions of his or her job. *Id.* § 2612. An "eligible employee" is one who has been employed for at least twelve months by the employer from whom leave is requested and for at least 1,250 hours of service with that employer during the previous twelve-month period. *Id.* § 2611(2)(A). Under the Family Medical Leave Act of 1993, "[a]n eligible employee may elect, or an employer may require the employee, to substitute any of the accrued paid vacation leave, personal leave, or family leave" for any of the leave provided pursuant to its terms. *Id.* § 2612(d)(2)(A).

The provision of the General Appropriations Act you rely on concerns the substitution of paid leave for FMLA leave:

> State employees who have a total of at least 12 months of state service, and who have worked at least 1,250 hours during the 12-

> month period immediately preceding the commencement of leave, are hereby entitled to leave pursuant to the Federal Family and Medical Leave Act (FMLA) *provided that the employee utilizes all available applicable paid vacation and sick leave while taking leave pursuant to this provision.* As an exception to the requirement to utilize all paid vacation and sick leave, employees on FMLA leave who are receiving temporary disability benefit payments or workers' compensation benefits shall not be required to utilize paid vacation or sick leave while receiving such benefits.

General Appropriations Act, 75th Leg., R.S., ch. 1452, art. IX, § 9(14)(a), 1997 Tex. Gen. Laws 5535, 6363 (emphasis added). The second sentence was added to the quoted provision as it appeared in the 1995 General Appropriations Act to bring it into conformance with the federal Family and Medical Leave Act. H.J. OF TEX., 74th Leg., R.S. 3664 (1995). This provision requires, as is permitted under the FMLA, employees to exhaust paid leave while taking FMLA leave, unless the employee is receiving workers' compensation benefits. The primary reason for allowing employers to require employees, other than employees who are receiving temporary disability benefit payments or workers' compensation benefits, to use accrued paid leave while on family and medical leave is to prevent prolonged leaves through stacking of leave entitlements. OFFICE OF THE STATE AUDITOR, SAO LEAVE INTERPRETATION NO. 97-06 (Nov. 25, 1996).

In connection with your question, you ask us to consider a comment in the Federal Register concerning a FMLA regulation. The comment is noteworthy because it states that an injured employee cannot receive both paid leave and workers' compensation benefits. The comment is directed at a FMLA regulation, 29 C.F.R. § 825.207 (1998), that implements the FMLA provision on the substitution of "accrued paid vacation leave, personal leave, or family leave" for any of the leave provided pursuant to the act. 29 U.S.C. § 2612(d)(2)(A) (1994). The rule provides that FMLA leave is generally unpaid leave, and restates the law on using paid leave in lieu of FMLA leave. 29 C.F.R. § 825.207(a) (1998). Section 825.207(d)(2) states that:

> the employee's FMLA 12-week leave entitlement may run concurrently with a workers' compensation absence when the injury is one that meets the criteria for a serious health condition. As the workers' compensation absence is not unpaid leave, the provision for substitution of the employee's accrued paid leave is not applicable.

*Id.* § 825.207(d)(2).

The comment you have noted reads in its entirety as follows:

> An employee who incurs a work-related illness or injury elects whether to receive paid leave from the employer or worker's compensation benefits. *An employee cannot receive both.* Therefore, . . . an employer cannot require the employee to substitute, under FMLA, any paid vacation or other leave during the absence that is covered by payments from the State workers' compensation fund.

60 Fed. Reg. 2205 (1995) (emphasis added).

The purpose of this comment is to explain the effect of a regulation adopted under the FMLA. The FMLA permits an employer, including a public employer, to require its employees to substitute paid leave for the FMLA's unpaid leave. It does not permit an employer to require substitution of paid leave when the employee is absent due to a compensable injury and is receiving workers' compensation benefits. In other words, an employer cannot require an employee who is receiving workers' compensation benefits to substitute paid vacation leave for FMLA leave during the time he or she is receiving workers' compensation benefits.

The comment stating that an employee with a work-related injury elects whether to receive paid leave or workers' compensation benefits and cannot receive both does not accurately reflect Texas law. It may describe a provision of the federal workers' compensation statute. *See* 5 U.S.C. § 8118(c) (1994) (federal employee may use annual or sick leave to his credit at time disability begins, but compensation for disability does not begin until use of annual or sick leave ends). It does not, however, describe Texas law with respect to public employees, nor is it consistent with the law of several other states that allow their public employees to use vacation leave or another kind of paid leave while receiving workers' compensation benefits. *See Dimaio v. Industrial Comm'n of Ariz.*, 840 P.2d 308 (Ariz. Ct. App. 1992); *Public Serv. Co. of Colo. v. Johnson*, 789 P.2d 487 (Colo. Ct. App. 1990); *Woods v. St. Anthony's Hosp.*, 586 So. 2d 415 (Fla. Dist. Ct. App. 1991); *Tee-pak, Inc. v. Industrial Comm'n of Ill.*, 490 N.E.2d 170 (Ill. App. Ct. 1986); *Lanterman v. Roadway Express, Inc.*, 608 So.2d 1340 (Miss. 1992); *Shaffer v. St. John's Reg'l Health Ctr.*, 943 S.W.2d 803 (Mo. Ct. App. 1997); *Estes v. North Carolina State Univ.*, 401 S.E.2d 384 (N.C. Ct. App. 1991); *Morris v. City of Oklahoma City*, 606 P.2d 1129 (Okla. 1979); *Hartwell v. Workmen's Comp. Appeal Bd. (McLean Trucking Co.)*, 507 A.2d 902 (Pa. Commw. Ct. 1986); *Cole v. Davol, Inc.*, 679 A.2d 875 (R.I. 1996); *contra Gendreau v. Tri-Community Recycling*, 705 A.2d 1106 (Me. 1998) (workers' compensation may be offset against sick leave payments made under wage continuation plan); *Lynch v. Board of Educ. of N.Y.*, 150 N.Y.S.2d 145 (N.Y. App. Div. 1956), *order aff'd by* 145 N.E.2d 27 (N.Y. 1957) (statute allowed employer to offset leave allowances against workers' compensation payments); *see* 82 AM. JUR. 2D *Workers' Compensation* § 417 (1992).

We note that the Supremacy Clause of the United States Constitution requires inconsistent state laws to yield to valid federal laws and regulations, but the comment in the Federal Register is not a federal law or a federal regulation. *Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458

U.S. 141, 152 (1982); *Seiter v. Veytia*, 756 S.W.2d 303 (Tex. 1988); *see* Tex. Att'y Gen. Op. No. JM-1269 (1990) at 6. The above-quoted comment is just that, a comment. It is not a rule, regulation, or law. Nor does it speak to implementing FMLA benefits at the state level. Moreover, the FMLA states that "[n]othing in this Act or any amendment made by this Act shall be construed to supersede any provision of any State or local law that provides greater family or medical leave rights than the rights established under this Act or any amendment made by this Act." 29 U.S.C. § 2651(b) (1994); *see also* 29 C.F.R. § 825.701(a) (1998); 60 Fed. Reg. 2231 (1995) (discussing interaction between FMLA and state workers' compensation laws).

The General Appropriations Act provision implementing FMLA provides that employees must ordinarily use all available paid vacation and sick leave while on FMLA leave, but, as an exception, "employees on FMLA leave who are receiving temporary disability benefit payments or workers' compensation benefits shall not be required to utilize paid vacation or sick leave while receiving such benefits." General Appropriations Act, 75th Leg., R.S., ch. 1452, art. IX, § 9(14)(a), 1997 Tex. Gen. Laws 5535, 6363. This exception does not require the employees it affects to use paid vacation or sick leave while on FMLA leave, nor does it prohibit them from using paid vacation while on FMLA leave. Accordingly, the Department may not deny the use of annual leave to employees who are on FMLA leave and receiving workers' compensation benefits.

## S U M M A R Y

The Department of Human Services may not deny the use of annual leave to employees receiving workers' compensation benefits, including employees who are on leave under the federal Family Medical Leave Act. The Department may not limit annual leave for employees receiving workers' compensation benefits to an amount that, added to the workers' compensation benefits, will total 100 percent of the employee's salary. Such offsets against workers' compensation payments are not permissible unless expressly authorized by statute.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General