Affirmed in Part, Reversed and Rendered in Part, Reversed and Remanded
in Part, and Memorandum Opinion filed August 29, 2006








Affirmed in
Part, Reversed and Rendered in Part, Reversed and Remanded in Part, and Memorandum Opinion filed August
29, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00161-CV

____________

 

CITY OF HOUSTON, Appellant

 

V.

 

DAHLIA SORIANO, WILLIE O. THOMAS,
NICOLE PELREAN, AND CARL NOON, Appellees

 



 

On Appeal from the 151st
District Court

Harris County, Texas

Trial Court Cause No. 00-41314

 



 

M E M O R A N D U M   O P I N I O N








Appellant, City of Houston (the ACity@), appeals the
final judgment entered by the trial court. The City challenges the trial court=s denial of the
City=s entitlement to
full subrogation against the recoveries received by appellees, Dahlia Soriano,
Willie O. Thomas, and Nicole Pelrean, from third party tortfeasors.[1]
We affirm in part, reverse and render in part, and reverse and remand in part.

Factual and Procedural Background

The City is a municipality that provides workers= compensation
benefits to its employees through self-insurance. In order to comply with the
requirements of the Texas Workers= Compensation Act
(ATWCA@), the City must
pay its employees injured on the job a percentage, generally seventy percent,
of their pre-injury wages while they recover from their injuries. Tex. Lab. Code Ann. ' 408.103 (Vernon
Supp. 2005). The City retains a third-party administrator, Ward North America (AWNA@) to process and
pay the City=s workers= compensation
claims. Therefore, when a city employee, like one of the appellees, is injured
while working, WNA pays temporary income benefits directly to the injured
employee and also pays the injured employee=s medical
providers on behalf of the City as required by the TWCA.

The City is obligated to pay any police officer or fire
fighter their full salary when they suffer job related injuries. Tex. Loc. Gov=t Code Ann. ' 143.073 (Vernon
Supp. 2005).[2]
To prevent an injured police officer from earning more while injured than while
working, the City offsets amounts received by appellees in workers= compensation
benefits from the salary continuation benefits received under the Civil Service
Act. Tex. Lab. Code Ann. ' 505.051(a)(1)(A)
(Vernon 1996). Therefore, the City directly pays the injured police officer or
fire fighter the remaining thirty percent of their pre-injury wages through
their regular  payroll checks.








Appellees are all police officers with the Houston Police
Department who were injured in automobile collisions while on duty. As a result
of their on-the-job injuries, each appellee received an injured-on-duty leave
of absence with full pay for the time necessary to recover from their injuries.
In addition, each appellee=s medical expenses were paid by the City
through its administrator WNA. Each appellee=s full pay was
paid by the City through the temporary income benefits received from WNA, as
well as their regular City payroll check. The amount offset from appellees= payroll checks
reflected the seventy percent already received by appellees from the City
through the WNA workers= compensation payments. This reduction was
made so appellees would only receive thirty percent of their pre-injury salary
on their City payroll check ensuring that each appellee did not receive more
than one hundred percent of their pre-injury salary while on injured-on-duty
leave of absence. Each appellee received the following amounts either directly
or paid for their benefit:

 




 
 
  
 Name
  
 
 
  
 Medical Expenses
 
 
  
 Workers= Compensation Benefits
 
 
  
 Salary Continuation Benefits
 
 
  
 Total
 
 
 
 
  
 Dahlia Soriano
 
 
  
 $11,716.41
 
 
  
 $1,831.47
 
 
  
 $1,029.05
 
 
  
 $14,576.98
 
 
 
 
  
 Willie O. Thomas
 
 
  
 $6,355.89
 
 
  
 $5,972.58
 
 
  
 $4,429.49
 
 
  
 $16,757.96
 
 
 
 
  
 Nicole Pelrean
 
 
  
 $1,846.93
 
 
  
 $4,500.88
 
 
  
 $992.78
 
 
  
 $7,340.69
 
 
 
 
  
 Totals
 
 
  
 $19,919.23
 
 
  
 $12,304.93
 
 
  
 $6,451.32
 
 
  
 $38,675.58
 
 




 

Appellees
each instituted litigation against the third party alleged to be responsible
for their injuries. Only appellees Soriano, Thomas, and Pelrean actually made
recoveries from the alleged third party tortfeasors. Officer Soriano recovered
$20,000, Officer Thomas recovered $13,319.15, and Officer Pelrean recovered
$17,000.

A dispute erupted between appellees and the City when the
City asserted liens on the third party recoveries for the workers= compensation
benefits paid to or on behalf of appellees, as well as for the Civil Service
Act salary continuation benefits paid to appellees. While appellees agreed the
City was entitled to a lien to recover the medical expenses paid on behalf of
the appellees, the appellees denied the City was entitled to any additional
portion 








of the
third party recoveries to reimburse the City for the workers= compensation
temporary income benefits paid or the salary continuation benefits paid.
Appellees argued the City had already been reimbursed when it offset appellees= workers= compensation
temporary income benefits against appellees= regular payroll
checks. When efforts to negotiate a resolution of this dispute were
unsuccessful, appellees filed a declaratory judgment action pursuant to the
Uniform Declaratory Judgments Act, Chapter 37 of the Texas Civil Practices and
Remedies Code, to determine the amount of money appellees, appellees= counsel, and the
City are entitled to receive from the third party recoveries. See Tex. Civ. Prac. & Rem. Code Ann. ' 37.01 et seq.
(Vernon 1997 & Supp. 2005). The City filed an answer asserting appellees
were not entitled to the relief they requested, requesting recovery of the full
amounts of its statutory liens, and requesting the award of its attorney=s fees pursuant to
section 37.009 of the Texas Civil Practices and Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann. ' 37.009 (Vernon
1997).








After a bench trial, the trial court entered a judgment in
favor of appellees. The trial court determined: (1) appellees were entitled to
full pay and benefits pursuant to section 143.073 of the Civil Service Act (Asection
143.073") and the City was not entitled to reimbursement from the third
party recoveries for the full pay and benefits paid to appellees while
appellees were on injured-on-duty leave; (2)  the City was entitled to
reimbursement for the workers= compensation temporary income benefits
paid to appellees, however, due to the offsets made by the City through payroll
deductions, the City had already been fully reimbursed; (3) the appellees did
not owe the City for alleged salary continuation benefits paid to appellees
while on injured-on-duty leave; (4) the City was entitled to be reimbursed out
of the third party recoveries for all medical expenses paid by the City on
behalf of appellees for their on-the-job injuries; (5) the attorneys
representing the City and appellees Soriano and Thomas were each awarded
one-sixth of the funds recovered from the third party tortfeasors and payable
to the City for the City=s subrogation lien regarding medical
bills; and (6) awarded appellees their attorney=s fees incurred in
the litigation and in the event of an appeal. The trial court also entered
Findings of Fact and Conclusions of Law. This appeal followed.

Discussion

In three issues on appeal, the City argues the trial court
erred when it (1) ruled the City was not entitled to reimbursement for the full
pay received by appellees as required by section 143.073, (2) ruled the City
had already been reimbursed for the temporary income benefits paid to appellees
through the deductions made to appellees= payroll checks,
and (3) awarded appellees attorney=s fees for their
declaratory judgment action.

I.        Standard
of Review

We review declaratory judgments under the same standards as
other judgments and decrees. Barrera v. State, 130 S.W.3d 253, 261 (Tex.
App.CHouston [14th
Dist.] 2004, no pet.) (citing Tex. Civ.
Prac. & Rem. Code Ann. ' 37.010 (Vernon
1997)). We look to the procedure used to resolve the issue at trial to
determine the standard of review. Id. The issues presented by the City
in this appeal require a review of the trial court=s interpretation
and application of the Civil Service Act and the TWCA. It is well settled in
Texas that statutory interpretation presents a question of law subject to de
novo review. Mitchell Energy Corp. v. Ashworth, 943 S.W.2d 436, 437
(Tex. 1997). A trial court has no discretion when evaluating a question of law.
See Huie v. DeShazo, 922 S.W.2d 920, 927 (Tex. 1996); Walker v.
Packer, 827 S.W.2d 833, 840 (Tex. 1992). We give no particular deference to
the trial court=s findings. Nipper-Bertram Trust v.
Aldine Indep. Sch. Dist., 76 S.W.3d 788, 791 (Tex. App.CHouston [14th
Dist.] 2002, pet. denied). The Texas courts of appeal are required to conduct
an independent review and evaluate the statute to determine its meaning. Id.








A court=s primary objective in construing a
statute is to determine and give effect to the legislative intent. Liberty
Mut. Ins. Co. v. Garrison Contractors, Inc., 966 S.W.2d 482, 484 (Tex.
1998). Under accepted principles of statutory construction, if the language of
a statute is unambiguous, then the court must seek the legislative intent as
found in the plain and common meaning of the words and terms used. Sorokolit
v. Rhodes, 889 S.W.2d 239, 241 (Tex. 1994). Common words should be
interpreted as they are commonly used. Elgin Bank v. Travis County, 906
S.W.2d 120, 121 (Tex. App.CAustin 1995, writ denied). In our
construction, we must presume the entire statute is intended to be effective, a
just and reasonable result is intended, a result feasible of execution is
intended, and the public interest is favored over private interest. Tex. Gov=t Code Ann. ' 311.021 (Vernon
2005); Compass Bank v. Bent Creek Inv., Inc., 52 S.W.3d 419, 424  (Tex.
App.CFort Worth  2001,
no pet.). Construction of a statute that would render a provision useless is
not favored  by law. Carson v. Hudson, 398 S.W.2d 321, 323 (Tex. App.CAustin 1966, no
writ).

When a trial court separately files findings of fact and
conclusions of law, these control over recitations in the judgment. Tex. R. Civ. P. 299a; Guridi v.
Waller, 98 S.W.3d 315, 317 (Tex. App.CHouston [1st
Dist.] 2003, no pet.). A trial court=s conclusions of
law are reviewed de novo as legal questions. Mack v. Landry, 22 S.W.3d
524, 528 (Tex. App.CHouston [14th Dist.] 2000, no pet.).

II.       Is the
City Entitled to be Reimbursed for the Salary Continuation Benefits and Workers= Compensation
Temporary Income Benefits Paid to Appellees?

In its resolution of the case, the trial court determined
the City was not entitled to be reimbursed out of appellees= third party
recoveries for (1) the full pay and benefits paid to appellees pursuant to
section 143.073, and (2) the workers= compensation
temporary income benefits paid to appellees as the City had been fully
reimbursed through appellees= payroll deductions. The City argues the
trial court erred when it made these determinations. We agree with the City.

A.      The City=s Salary
Continuation Plan Complies with Section 143.073 and the TWCA.

Appellees, since they were injured while working as police
officers for the City, were entitled to receive full pay and benefits for the
period of time, up to a full year, required for 








each
appellee to recover from his or her injuries. Tex.
Loc. Gov=t Code Ann. ' 143.073(a) (Vernon 1999).[3]
In addition, appellees were entitled to receive benefits pursuant to the TWCA. Tex. Lab. Code Ann. '' 408.021, 408.103
(Vernon 1996). These benefits included both temporary income benefits up to
seventy percent of the injured employee=s pre-injury wages
and payment for medical care appellees received to treat their on-the-job
injuries. Id.

Section 143.073 does not address how a municipality must
comply with the statute=s requirements. To implement the
requirements found in section 143.073 and the TWCA, the City adopted section
14-226 of the Houston Municipal Code, which contains the City=s Salary
Continuation Plan. See Houston,
Tex. Ordinances ' 14-226. The Salary Continuation Plan
includes the City=s sick leave policy for all employees
injured in the course and scope of their employment with the City. See id.
Under the Salary Continuation Plan, police officers injured on the job are
granted sick leave consistent with the requirements found in section 143.073. Id.
In addition, under the City=s Salary Continuation Plan, an injured
police officer is entitled to receive statutory workers= compensation
benefits and supplemental salary continuation in an amount equivalent to his or
her pre-injury wage as required by section 143.073. Id. As the
City=s Salary
Continuation Plan does not conflict with a state statute and indeed is consistent
with the requirements established by section 143.073, the City is permitted to
pay police officers who were injured on the job pursuant to the Salary
Continuation Plan. In accordance with the Salary Continuation Plan, while
appellees were on injured-on-duty leave, the City paid appellees their full
salary in two parts. The City paid appellees approximately seventy percent of
their pre-injury wages in the form of workers= compensation
temporary income benefits through WNA, the City=s workers= compensation plan
administrator. The City then directly paid the appellees the remaining thirty
percent of their pre-injury wages through the appellees= regular payroll
checks.








B.      How Much
Were Appellees Actually Paid While on Injured-on-Duty Leave of Absence?

In its Final Judgment, the trial court, apparently
accepting appellees= erroneous argument that appellees were
entitled to and had been paid 170% of their pre-injury wages while on
injured-on-duty leave of absence, concluded the City had been completely
reimbursed for all workers= compensation temporary income benefits
paid to appellees through the payroll deductions made to appellees= paychecks.

In rendering its Final Judgment, the trial court failed to
consider the impact of section 504.051(a)(1)(A) of the TWCA. The legislature
enacted section 504.051(a)(1)(A) of the TWCA,[4]
which dictates that payments made pursuant to the TWCA be offset against the
payments made under the Civil Servant Act, to prevent Adouble dipping@ by an injured
police officer. City of San Antonio v. Vakey, 123 S.W.3d 497, 500 (Tex.
App.CSan Antonio 2003,
no pet.); Op. Tex. Att=y Gen. No. LO-93-62 (1993); Tex. Workers= Comp. Comm=n Appeal No. 021162-s,
2002 WL 1787730 (June 27, 2002). In applying the offset, the amount paid under
section 143.073 is reduced, not the workers= compensation
benefits. Vakey, 123 S.W.3d at 500. Through the interaction of these
statutes, an injured police officer receives only one hundred percent of his or
her pre-injury wage while on injured-on-duty leave of absence. Therefore, the
reductions or offsets made to appellees= City payroll
checks were not payroll deductions to reimburse the City for workers= compensation
benefits received by each appellee, but rather ensured only that each appellee
received the statutorily required one hundred percent of his or her pre-injury
wages, and no more.[5]








C.      The City
is Entitled To Be Reimbursed for the Temporary Income Benefits Paid to
Appellees.








In its Final Judgment, the trial court determined that
while the City was entitled to be reimbursed for the workers= compensation
temporary income benefits paid to appellees (amounting to approximately seventy
percent of appellees= pre-injury wages), the appellees had
already repaid the City for those benefits through the payroll deductions made
to appellees= paychecks while they were on injured-on-duty leave of
absence. However, as addressed above, the City was not reimbursed for the
workers= compensation
temporary income benefits paid to appellees through the payroll deductions. In
fact, the City received no funds or payments as a result of the offsets or
deductions made to appellees= payroll checks; instead, the reductions
were made to ensure appellees received no more than their full pre-injury wages
as guaranteed by section 143.073. Since the City was not reimbursed through the
payroll deductions made to appellees= paychecks,
pursuant to sections 417.001(b)[6]
and 417.002(a)[7]
of the Texas Labor Code, the City is entitled to be reimbursed from the third
party recoveries made by appellees for all workers= compensation
temporary income benefits paid to appellees.[8]
Accordingly, we sustain the City=s second issue on
appeal. In addition, we affirm the trial court=s Final Judgment
to the extent it reimbursed the City from the third party recoveries the
amounts the City paid for appellees= medical expenses
arising out of appellees= on-the-job injuries.

D.      The City
is Entitled To Be Reimbursed for the Salary Continuation Payments Made to
Appellees.








In its resolution of the case, the trial court determined
the City was not entitled to be reimbursed for the thirty percent of appellees= pre-injury wages
paid to appellees as required  by section 143.073 and the City=s Salary
Continuation Plan.[9]
In reaching this conclusion, the trial court ignored the plain language of
section 142.008 of the Texas Local Government Code. Section 142.008(a)
specifically provides that a municipality is entitled to recover all benefits
paid to a municipal employee under a salary continuation plan.[10]
Therefore, the City is entitled to recover the amounts it paid appellees under
the City=s Salary
Continuation Plan from the appellees= third party
recoveries. We sustain the City=s first issue on appeal.

III.      Did the
Trial Court Abuse Its Discretion When It Awarded Appellees Attorney=s Fees Pursuant to
the Declaratory Judgment Act?

In its Final Judgment, the trial court awarded appellees
$79,751.25 in attorney=s fees. In addition, the trial court
awarded appellees another $75,000.00 in attorney=s fees if the case
were appealed to the court of appeals and the Texas Supreme Court. The City
argues, also in the event the trial court=s judgment is
reversed, these fees are inequitable and unjust and should be reversed. We
agree with the City.

The Declaratory Judgment Act permits the trial court to
award reasonable and necessary attorney=s fees as are
equitable and just. Tex. Civ. Prac.
& Rem. Code Ann. ' 37.009 (Vernon 1998). The grant or denial
of attorney=s fees in a declaratory judgment action is within the
discretion of the trial court, and its decision will not be reversed on appeal
absent a clear abuse of discretion. Sava Gumarska In Kemijska Industria D.D.
v. Advanced Polymer Sci., Inc., 128 S.W3d 304, 323 (Tex. App.CDallas 2004, no pet.) (citing Oake
v. Collin County, 692 S.W.2d 454, 455 (Tex. 1985)). The Declaratory
Judgment Act does not require an award of attorney=s fees to the
prevailing party, but merely provides that a court may award them. Bocquet
v. Herring, 972 S.W.2d 19, 20 (Tex. 1998). The Declaratory Judgment Act
entrusts attorney fee awards to the trial court=s sound
discretion, subject to the requirements that any fees awarded be reasonable and
necessary, which are matters of fact, and to the additional requirements that
the fees be equitable and just, which are matters of law. Id. at 20B21. Here, the City
challenges the trial court=s award of attorney=s fees to 

 








appellees
only on the latter ground. Therefore, we must determine whether the trial court
abused its discretion by awarding attorney=s fees that are inequitable
or unjust. See id.     In the exercise of its discretion, the trial
court may award attorney=s fees to the non-prevailing party or
decline to award attorney=s fees to either party. Sava Gumarska
In Kemijska Industria D.D., 128 S.W3d at 323B24. As awarding
attorney=s fees to the
non-prevailing party is not in itself an abuse of discretion, the reversal of
the trial court=s decision on a declaratory judgment does
not necessarily mean the award of attorney=s fees to the
party who prevailed in the trial court was an abuse of discretion. Id. at
324. However, after a declaratory judgment has been reversed on appeal, an
award of attorney=s fees may no longer be equitable and
just. Id.








Here, appellees= attorney
testified he spent 243.7 hours, at a billing rate of $225.00 per hour,
prosecuting this matter.[11]
Appellees therefore incurred $54,832.50 in attorney=s fees for a case
that culminated in a bench trial that: (1) lasted less than a full day; (2)
involved the construction of clear statutory language; (3) involved few, if
any, factual disputes; (4) involved a total amount in controversy of only
$66,078.08;[12]
and (5) resulted in the City being awarded some of the relief it requested in
its Second Amended Answer and Plea to the Jurisdiction.[13]
Nevertheless, the trial court awarded appellees $79,751.25 in attorney=s fees. In
addition, the trial court, without conditioning the award on appellees= success, awarded
appellees: (1) $30,000.00 for briefing and arguing an appeal to the court of
appeals; (2) $15,000.00 if a petition for review is filed with the Texas
Supreme Court; and (3) an additional $30,000.00 if the petition for review is
granted.[14]
Based on the above factors and our reversal of the trial court=s refusal to
enforce the full amount of the City=s statutory liens,
we find the trial court=s award of attorney=s fees to
appellees is inequitable and unjust. Therefore, we sustain the City=s third issue on
appeal, reverse the trial court=s award of attorney=s fees and costs
to appellees and remand the award of attorney=s fees and costs
to the trial court for reconsideration in light of the factors discussed above
and the disposition of the case on appeal. Fitzgerald v. Antoine Nat=l Bank, 980 S.W.2d 228,
232 (Tex. App.CHouston [14th Dist.] 1998, no pet.).

Conclusion

Accordingly, we (1) reverse the
trial court=s refusal to enforce the full
amount of the City=s workers= compensation and salary
continuation liens against appellees= third party recoveries; (2) reverse the award of attorney=s fees made to appellees, both for
trial and appeal, pursuant to the Declaratory Judgment Act, Texas Civil
Practices & Remedies Code section 37.009; (3) reverse the award of
pre-judgment interest, post-judgment interest and costs to appellees; (4)
remand the award of attorney=s fees and costs to appellees for reconsideration in light of the
disposition of the case on appeal; (5) render judgment that the City recover
$14,576.93 from Officer Soriano=s third party recovery, $13,319.15 from Officer Thomas= third party recovery, and
$7,340.69 from Officer Pelrean=s third party recovery; and (6) affirm the remainder of the judgment.

 

 

 

/s/      John S. Anderson

Justice

 

Judgment rendered
and Memorandum Opinion filed August 29, 2006.

Panel consists of
Justices Anderson, Edelman, and Hudson.









[1]  Appellee Carl Noon was unsuccessful in his claim
against the third party allegedly responsible for his injuries, and therefore,
the City of Houston=s claims against him are moot.   





[2]  Chapter 143 of the Texas Local Government Code
contains the Fire Fighters and Police Officers Civil Service Act (ACivil Service Act@).





[3]  Texas Local Government Code, section 143.073(a) provides: AA municipality shall provide to a fire fighter or
police officer a leave of absence for an illness or injury related to the
person=s line of duty. The leave is with full pay for a
period commensurate with the nature of the line of duty illness or injury. If
necessary, the leave shall continue for at least one year.@ Tex. Loc. Gov=t
Code Ann. ' 143.073(a) (Vernon Supp. 2005).





[4]  Texas Labor Code, section 504.051(a)(1)(A) provides:
Benefits provided under this chapter shall be offset: (1) to the extent
applicable, by any amount for incapacity received as provided by: (A) Chapter
143, Local Government Code. Tex. Lab.
Code Ann. ' 504.051(a)(1)(A) (Vernon 1996).





[5]  Appellees argue City of Corpus Christi v.
Herschbach, 536 S.W.2d 653 (Tex. App.CCorpus
Christi 1976, writ ref=d n.r.e.) confirms appellees were entitled to 170% of
their pre-injury wages. However, while Herschbach does hold that the
firefighter involved in that case was entitled to 170% of his salary while on
injury leave of absence, the court=s
decision was based on the fact the firefighter was only entitled to the double
recovery because he received the challenged benefits before the legislature
changed the law to permit the benefits to be offset. Herschbach, 536
S.W.2d at 657.





[6]  Texas Labor Code, section 417.001(b) provides:

 

If a benefit is claimed by an injured employee or a legal beneficiary
of the employee, the insurance carrier is subrogated to the rights of the
injured employee and may enforce the liability of the third party in the name
of the injured employee or the legal beneficiary. The insurance carrier=s subrogation interest is limited to the amount of the
total benefits paid or assumed by the carrier to the employee or the legal
beneficiary, less the amount by which the court reduces the judgment based on
the percentage of responsibility determined by the trier of fact under Section
33.003, Civil Practices and Remedies Code, attributable to the employer. If the
recovery is for an amount greater than the amount of the insurance carrier=s subrogation interest, the insurance carrier shall:
(1) reimburse itself and pay the costs from the amount recovered; and (2) pay
the remainder of the amount recovered to the injured employee or the legal
beneficiary. Tex. Lab. Code Ann. ' 417.001(b) (Vernon Supp. 2005).





[7]  Texas Labor Code, section 417.002(a) provides: AThe net amount recovered by a claimant in a
third-party action shall be used to reimburse the insurance carrier for
benefits, including medical benefits, that have been paid for the compensable
injury.@ Tex. Lab. Code
Ann. ' 417.002(a) (Vernon 1996).





[8]  Appellees incorrectly argue that since there was
allegedly no evidence that any of the appellees received any compensation from
the third party tortfeasors for their loss of earning capacity sustained in the
past, the City is not entitled to recover any portion of the third party
recoveries made by appellees. The subrogation provisions at issue here do not
make any distinction between the types of damages an injured  party receives. Tex. Lab. Code Ann. '' 417.001, 417.002 (Vernon 2005); Tex. Loc. Gov=t
Code Ann. ' 142.008 (Vernon 2005). The self-insured employer is subrogated to the
rights of an injured employee and the net amount recovered by an employee in a
third party action shall be used to reimburse the self-insured employer for
benefits, including medical benefits, that have been paid for the compensable
injury. See Argonaut Ins. Co. v. Baker, 87 S.W.3d 526, 530B31(Tex. 2002).





[9]  To the extent the trial court=s decision relied on the requirement found in section
408.003 of the TWCA that an employee must make a written request for salary
continuation before an employer may be reimbursed, that reliance is misplaced.
Initially, neither section 143.073 or the City=s Salary Continuation Plan requires an employee to make a written
request to be eligible for the benefit. In addition, there are more specific
provisions of the TWCA that apply to police officers with respect to offsets
and credits against their workers=
compensation benefits. Since section 504.051(a) of the TWCA specifically
addresses the income benefits paid to police officers pursuant to the Civil
Service Statute and the TWCA, it controls over section 408.003. Tex. Gov=t Code Ann. '
311.026 (Vernon 2005); Tex. Workers=
Comp. Comm=n Appeal No. 021162-s, 2002 WL 1787730 (June 27,
2002).





[10]  Texas Local Government Code, section 142.008(a)
provides: AIf a municipality pays benefits to a municipal
employee under a salary continuation program when the employee is injured, the
municipality is subrogated to the employee=s
right of recovery for personal injuries caused by the tortious conduct of a
third party other than another employee of the same municipality.@ Tex. Loc. Gov=t
Code Ann. ' 142.008(a) (Vernon 1999). In addition, the legislative history of
section 142.008 establishes  the legislature added the section to enable cities
to proceed against third party tortfeasors for amounts actually paid to an
injured employee in excess of amounts paid pursuant to workers= compensation law. Tex.
Sen. Judiciary Comm., Bill Analysis, Tex. S.B. 438, 65th Leg., R.S.
(1977). Appellees argue section 142.008 is inapplicable to the issue of whether
the City is entitled to be reimbursed for sums paid to appellees by virtue of
the City=s Salary Continuation Program and the Civil Service
Statute as the two statutory provisions are found in different chapters of the
Local Government Code (142 and 143). However, chapter 142, by its plain
language, addresses benefits of all municipal employees, including police
officers such as appellees.





[11]  The City briefly cross-examined appellees= counsel on the issue of his attorney=s fees. However, none of the cross-examination
questions addressed the number of hours he spent on the case.





[12]  The $66,078.08.50 amount reflects the amount in
controversy with Officer Noon still involved in the case. Without Officer Noon
involved in the suit, the amount in controversy drops to $38,675.58.





[13]  The City requested that it be awarded the full
amounts it spent paying appellees=
workers= compensation temporary income benefits; medical
expenses; and salary continuation benefits out of the third party recoveries
made by appellees. The trial court awarded the City the amount it spent on
appellees= medical expenses, a total of $31,747.35, nearly half
of the total amount in controversy.





[14]  The trial court should have conditioned the award of
appellate attorney=s fees upon a successful appeal to this court and the
supreme court. Daugherty v. Jacobs, 187 S.W.3d 607, 620 (Tex. App.CHouston [14th Dist.] 2006, no pet.)